Johnny Jerome **RIGGS**, Appellant,

v.

The **STATE** of Texas, Appellee.

**No. 01–85–0303–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 6, 1986.

Rehearing Denied April 10, 1986.

Ordered Published Feb. 1, 1988.

Carolyn Garcia, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Richard Anderson, Marie Munier, Harris County Asst. Dist. Attys., for appellee.

Before SAM BASS, HOYT and COHEN, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a conviction for murder. After the appellant pled true to two prior felony convictions, the court sentenced him to 25 years confinement. In his sole ground of error, the appellant contends that the evidence was insufficient, because the only witness who linked him to the crime was an accomplice as a matter of law, and the accomplice's testimony was uncorroborated. We reverse the judgment.

About 4:30 p.m. on March 28, 1984 the Boston family observed a light color vehicle park on the street in front of their home. They testified that three men (two armed) and a woman exited the vehicle and walked onto a lot adjacent to their home that had

high weeds. Two of the three men and the woman returned to the vehicle after shooting the third man. They saw a fourth man but he came in another vehicle and did not follow the others onto the lot.

The only evidence linking the appellant to the offense came from Alfred Taylor. Taylor testified that Charlesetta Porter ("Sam"), and Anthony Dalcour were riding in his car when they saw Michael Porter ("Porter") (no relation to Sam) walking along the street. There had been some talk among the three passengers about beating up Porter, but they were not looking for him when they saw him. On Sam's direction, Taylor turned his car around and drove up beside Porter, who got in the car voluntarily when he was told that the appellant wanted to talk to him. After Porter got in the back seat between the appellant and Dalcour, Sam threatened Porter with a knife. Sam stated that she knew someone who would pay $1000 for Porter's head, and instructed Taylor to drive her to Cooney [sic] Homes. Taylor followed instructions and waited in the car with the others until she returned. When she came out, she again instructed Taylor where to drive and he again complied.

The State and the appellant agree that there is no evidence, other than the testimony of Alfred Taylor, linking the appellant to the murder. Therefore, whether the appellant's conviction stands turns on whether Alfred Taylor was an accomplice as a matter of law. Tex.Code Crim.P.Ann. art. 38.14 (Vernon 1979).

■ An accomplice witness is one who can be prosecuted for the offense with which the accused is charged. *Brooks v. State*, 686 S.W.2d 952, 957 (Tex.Crim.App. 1985) (en banc). Mere presence at the scene of the commission of a crime does not compel the conclusion that a witness is an accomplice witness. *Id.* In determining whether a witness is an accomplice the evidence must be viewed in the same manner that evidence would be viewed in determining whether a person should be found a party to a crime. Tex.Penal Code Ann. sec. 7.01(a) (Vernon 1974). The court must look to the events before, during, and after the commission of a crime to determine the involvement of the accomplice witness. 686 S.W.2d at 957.

■ In the instant case there was ample evidence from which the trial court could conclude as a matter of law that Taylor was an accomplice witness. Taylor testified that Porter tried to exit the car at one point but was told by the appellant that he could run if he thought he could outrun the bullet. Taylor's testimony revealed that he knew that all the passengers except Porter had weapons and that they had threatened Porter; that Sam claimed someone was offering $1000 to have Porter killed; and that Porter wanted out of the car, but was being restrained. This constitutes the offense of kidnapping. Tex.Penal Code Ann. secs. 20.03(a) and 20.01 (Vernon 1974). Furthermore, Taylor was conspiring with the others to commit aggravated assault against Porter, an offense which was carried out when Porter was threatened with deadly weapons. Tex.Penal Code Ann. secs. 22.01 and 22.02(a)(4).

Tex.Penal Code Ann. sec. 7.02 (Vernon 1974) provides:

If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

Porter's murder was at least in furtherance of the original kidnapping conspiracy, if not an object of the conspiracy. Taylor denied that he knew Porter would be killed, but the killing should have been anticipated in view of the kidnapping, the aggravated assault, the conversation, and the constant prolonged use of deadly weapons. Taylor could have been prosecuted as a party to the murder.

■ Viewing the evidence before, during, and after the crime, we conclude that Taylor was an accomplice witness as a matter of law and hold that his uncorroborated

**142**

testimony was insufficient to sustain the conviction. There being no other evidence linking the appellant to the crime, the evidence was insufficient to support a conviction. The appellant's ground of error is sustained. The judgment is reformed to show an acquittal.

## ON MOTION FOR REHEARING

■ The State has filed a motion for rehearing contending that this Court used the wrong standard of review in determining whether Alfred Taylor was an accomplice witness as a matter of law. The State is correct that this Court is required to view all the evidence in the light most favorable to the verdict or judgment. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (en banc).

■ "Where there is doubt whether a witness is an accomplice, submitting the issue to the jury is sufficient even though the evidence seems to preponderate in favor of the conclusion that the witness is an accomplice as a matter of law." *Carrillo v. State*, 591 S.W.2d 876, 882 (Tex.Crim. App.1979). When the evidence clearly shows that the witness is an accomplice as a matter of law, the trial court has a duty to so instruct the jury, or, as in the present case, to so find. *Arney v. State*, 580 S.W. 2d 836, 839 (Tex.Crim.App.1979).

The issue on appeal is not whether there was ample evidence from which the trial court could conclude that the witness was an accomplice. The issue is whether the evidence clearly showed that the witness was an accomplice as a matter of law. Language in our original opinion, which may appear to confuse the correct standard, is withdrawn.

The only doubt regarding Taylor's status as an accomplice is whether he was directly involved in a conspiracy to commit murder or was merely involved in a conspiracy to commit aggravated assault and kidnapping, which latter conspiracy makes him an accomplice pursuant to Tex.Penal Code Ann. sec. 7.02 (Vernon 1974).

We reaffirm our prior holding that Taylor was an accomplice witness as a matter

of law. The motion for rehearing is overruled.