Johnny Jerome RIGGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 641–86.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 20, 1988.

Carolyn Garcia, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Richard Anderson, Marie Munier and Timothy G. Taft, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

In a bench trial appellant was convicted of murder. Enhanced by allegation and proof of two prior felony convictions, punishment was assessed at twenty-five (25) years.

On appeal in a single point of error appellant complained the evidence was insufficient to sustain the conviction because there was no corroboration of the accomplice witness' testimony in the bench trial. The Court of Appeals in an opinion reversed the conviction and ordered an acquittal. *Riggs v. State*, 744 S.W.2d 140 (Tex.App.— Houston [1st] 1986).

We granted State's petition for discretionary review only on ground of review number one which reads:

"The First Court of Appeals used the wrong standard of review, namely whether the evidence clearly showed that the witness was an accomplice as a matter of law (a standard used to review

error regarding the failure to give a jury charge on accomplice witness as a matter of law) rather than whether, after viewing the evidence in the light most favorable to the implicit finding of the trial court, any rational trier of fact could have found Taylor was not an accomplice witness (The appropriate standard of review for a claim that the evidence is insufficient.).

It now appears that the decision to grant discretionary review was improvident, the State's petition for discretionary review is hereby dismissed pursuant to Tex.R.App. Pro.Rule 202(k).

It is so ordered.

CLINTON, J., dissents.

TEAGUE, Judge, concurring.

Because I find that Hon. Carolyn Garcia, counsel for appellant, has more than adequately demonstrated in her brief, "On the State's Petition for Discretionary Review", why Judge Campbell's dissenting opinion is so flawed, I adopt what she has stated therein:

However, [if] the State's proposition be correct that the record supports an implicit finding of the trial court that Taylor was not an accomplice, then such a finding is erroneous because the evidence is overwhelming to the contrary.

Additionally, one could also contend at least two other implicit findings by the trial court in this cause, both of which would also be erroneous.

One could take the position that the trial court considered and found that Taylor *was* an accomplice as a matter of law but erroneously believed there was sufficient independent corroborating evidence to sustain a conviction under [Art. 38.14, V.A.C.C.P.]. If that was the implicit finding, then the conviction still must be reversed since all parties and the Court of Appeals agree there was no corroboration.

A third implicit finding might be that the Court believed that the Accomplice Witness Rule doesn't apply in [a trial to the court]. That position is erroneous as

well under the equal protection provisions of the state and federal constitutions and Texas statutes. Articles 1, Sections 3, and 10, Texas Constitution; Amendment V, VI, Constitution of the United States. Articles 1.03, 1.04, 1.05, V.A.C.C.P. (Pages 23–24).

Although there are no express findings of fact made by the trial judge in this record, it would appear that when the occasion presents itself this Court should reexamine what it recently stated and held in *Mattias v. State*, 731 S.W.2d 936 (Tex.Cr. App.1987), that "where a criminal prosecution is tried by the court without a jury, the court is *not* authorized to file findings of fact and conclusions of law as in a civil case." (939). Had that occurred in this cause, perhaps much needless effort might not have been expended by the court of appeals and this Court.

I find that all that the court of appeals held in this cause was that appellant's conviction could not be sustained pursuant to the provisions of Art. 38.14, supra, which provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Thus, there is nothing to get alarmed about, as Judge Campbell apparently does.

Therefore, I join the majority opinion that orders the State's Petition for Discretionary Review dismissed.

CAMPBELL, Judge, dissenting.

The majority would hold we improvidently granted the State's Petition for Discretionary Review. Tex.R.App.Pro. 200(c)(2) provides that review may be entertained where a court of appeals has decided an important question of State or federal law which has not been, *but should be*, [emphasis added] settled by the Court of Criminal Appeals. In the instant case, the Court of Appeals decided an issue of *first* impression, not once, but twice.

This is an appeal from a conviction for murder. V.T.C.A., Penal Code § 19.02.

After a non-jury trial, punishment, enhanced by two prior felony convictions, was assessed by the trial court at twenty-five years' confinement in the Texas Department of Corrections. The First Court of Appeals, in an unpublished opinion, reversed the conviction and ordered an acquittal. *Riggs v. State*, No. 01–85–0303–CR (Tex.App.—Houston [1st Dist.], March 6, 1986).

We granted the State's petition for discretionary review to determine whether *Jackson v. Virginia*, infra, provides the proper standard for appellate review of a trial judge's implicit findings of fact.

The evidence reveals that on March 28, 1984, Alfred Taylor picked up Charlesetta "Sam" Porter (his cousin), Anthony Dalcour (her boyfriend), and appellant, in his car so that Taylor could act as peacemaker between them. While Taylor drove, Sam and Dalcour revealed the fact that Michael Porter (no relation to Sam) had told them where to find appellant. This angered appellant. Taylor was later directed to pick up Porter, and was directed to drive to a secluded, weed-covered empty lot. There appellant and Dalcour shot Porter while Taylor and Sam stood and watched. Three members of the Boston family, who lived next to the empty lot, testified that they saw three men (two armed) and a woman get out of a car and go into the lot where one of the men was shot. The Bostons could not identify appellant as one of the men involved. It is undisputed that the only evidence linking the appellant to the crime is the testimony of Alfred Taylor.

While no *express* findings of fact or conclusions of law were filed by the trial court, the trial judge, by convicting appellant without requiring corroboration of Taylor's testimony, *implicitly* found that Taylor was not an accomplice. See *Gamez v. State*, 737 S.W.2d 315, 323 (Tex.Cr.App. 1987); Article 38.14, V.A.C.C.P. The case was appealed to the Court of Appeals by the appellant on the basis that Taylor was an accomplice as a matter of law and, the testimony not being corroborated, the conviction could not stand.

In its opinion on original submission, the Court of Appeals found that "there was ample evidence from which the trial court could conclude as a matter of law that Taylor was an accomplice witness." At 141. That Court held that Taylor was an accomplice as a matter of law, and that the evidence was, therefore, insufficient to support the conviction.[1]

The State filed a motion for rehearing, contending that the Court of Appeals had used the wrong standard of review in determining whether Taylor was an accomplice. In its opinion on the State's motion for rehearing, the Court of Appeals attempted to clarify the standard of review used: "The issue on appeal is not whether there was ample evidence from which the trial court could conclude that the witness was an accomplice. The issue is whether the evidence clearly showed that the witness was an accomplice as a matter of law." At 142. The State filed a second motion for rehearing, which was overruled without an opinion. Tex.R.App.Pro. 100(d).

The State now contends in its petition for discretionary review to this Court that the Court of Appeals used the wrong standard of review on both original submission and on rehearing. The State asserts that the correct standard is whether any rational trier of fact could have found that Taylor was not an accomplice witness as a matter of law. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I would submit that the standard of review used by the Court of Appeals, "whether the evidence clearly showed that the witness was an accomplice as a matter of law," is the correct standard for review in determining whether the trial court should submit an accomplice witness instruction to a jury. See, e.g., *Gamez v. State*, 737 S.W.2d 315 (Tex.Cr.App.1987); *Smith v. State*, 721 S.W.2d 844 (Tex.Cr.App.1986); *Kunkle v. State*, No. 69,501 (Tex.Cr.App., delivered June 18, 1986), *cert. filed*, December 22, 1986; *Burns v. State*, 703 S.W.2d

649 (Tex.Cr.App.1985); *Brooks v. State*, 686 S.W.2d 952 (Tex.Cr.App.1985). Most "accomplice witness" cases deal with whether a "generic" charge on accomplice testimony should have been given to the jury. The vast majority of the "accomplice witness" cases do not require a determination of the standard by which an appellate court reviews the action of a trial court. This resulting confusion no doubt contributed to the Court of Appeals' difficulty in determining the correct standard of review.

In the instant case, the Court of Appeals was required to review the trial court's *implicit* finding that Taylor was not an accomplice witness. This is a case of first impression because (1) the trial was conducted before the court rather than a jury, and (2) the findings of fact are *implicit* rather than *express*.

In appeals in which *implicit* findings of the jury have been challenged, the appellate court must view all of the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have made the *implicit* finding beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Gold v. State*, 736 S.W.2d 685 (Tex.Cr.App.1987) (jury's *implicit* finding of absence of sudden passion); *Duhamel v. State*, 717 S.W.2d 80 (Tex.Cr.App.1986) (jury's *implicit* finding that the killing took place in the course of committing or attempting to commit an aggravated sexual assault); *Gardner v. State*, 699 S.W.2d 831 (Tex.Cr.App.1985) (jury's *implicit* finding that a prior burglary was an act of violence); *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981) (jury's *implicit* finding that the defendant had the intent to deprive the owner of property when he committed a theft). In each of these cases, this Court applied the *Jackson v. Virginia* standard of review to determine whether any rational trier of fact

---

1. "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Article 38.14, V.A. C.C.P.

could have found the challenged *implicit*[2] finding of the jury.

I would hold that the *Jackson v. Virginia* standard of review applies to the findings of *any* rational trier of fact, whether it be judge or jury. In the instant case, the trial court was the trier of fact. It follows, therefore, that the *Jackson v. Virginia* standard applies to review of the *implicit* findings of a trial court. Thus, the question for the court below is whether, under the *Jackson v. Virginia* standard of review, any rational trier of fact could have found that Taylor was not an accomplice witness as a matter of law.

Because the Court of Appeals applied the wrong standard of review in its determination of this cause, and because this petition was not "improvidently granted' under our rules, I respectfully dissent.

MILLER, J., joining.

---

**2.** In appeals in which *express* findings of juries have been challenged, this Court has also applied the *Jackson v. Virginia* standard of review. In *Van Guilder v. State,* 709 S.W.2d 178 (Tex.Cr. App.1985), this Court applied that standard of review to *express* findings on the affirmative defense of insanity. In *Arnold v. State,* 719 S.W.2d 590 (Tex.Cr.App.1986), this Court applied that standard of review to *express* findings made after a competency hearing.