Eric DE LA ROSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00699–CR.

Court of Appeals of Texas, San Antonio.

March 13, 1996.

Laura Angelini, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Before STONE and HARDBERGER, JJ., and CHARLES F. CAMPBELL, Former Judge.

## OPINION

CAMPBELL, Former Judge.

Appellant was tried and found guilty by a jury of capital murder. *See* TEX.PEN.CODE § 19.03(a)(2) (Vernon 1994). Because the state waived the death penalty, appellant was automatically sentenced by the trial court to life imprisonment in the Texas Department of Criminal Justice, Institutional Division. *See* TEX.PEN.CODE § 12.31(a) (Vernon 1994). In his appeal to this court, appellant raises two points of error. Because of our disposition of appellant's first point of error, it will be unnecessary for this court to consider his second point. We will reverse the conviction.

Although appellant does not challenge the sufficiency of the evidence to support the conviction, a brief summary of the relevant facts is in order. The bulk of the direct testimony presented by the state bearing upon the guilt of the appellant was presented by two witnesses: Hildebrand Beltran and Jose Galvan. The testimony revealed that Beltran, Galvan, Rodriguez, Flores and appellant were traveling in a truck driven by appellant in search of a cow to kill and sell. After an unsuccessful search, appellant suggested that the group burglarize a house or houses familiar to appellant. The five proceeded to a house occupied by the victim. When the group arrived at the victim's house, Rodriguez, Galvan, and Flores got out of the truck and proceeded toward the house. Beltran knew that Rodriguez and Flores had handguns in their possession when they got out of the truck. The appellant and Beltran left the scene and drove around for approximately five minutes and, upon returning, found items stolen from the house ready to be loaded in the truck. The five co-actors, along with the victim, loaded numerous items of stolen property into the truck. The five co-actors then got into the truck and were in the process of leaving the scene of the burglary when appellant asked Rodriguez whether the victim at the house had been shot. Rodriguez replied that he had not, and appellant instructed Rodriguez to return to the house and shoot the victim of the burglary, appellant having surmised that the victim, if left alive, could identify one or more of the co-actors. Rodriguez disembarked from the truck, was gone for several minutes, and upon returning to the truck informed Beltran, "It is done." Appellant, Rodriguez, Galvan, Beltran, and Flores then left the scene of the burglary in the truck, proceeded to a convenience store, and exchanged a stolen VCR for a case of beer. The five then divided the remaining stolen property and went their separate ways. Beltran took the handgun used by Rodriguez and hid it in his house. The dead body of the victim was discovered near the burglarized house the next morning. Medical testimony revealed that the victim died as a result of two gunshot wounds to the chest.

In his first point of error, appellant complains the trial court erred in failing to charge the jury that Beltran and Galvan were accomplice witnesses to the offense of capital murder as a matter of law. The record reflects that appellant timely objected to the court's proposed charge to the jury and requested the trial court to charge the jury that Galvan and Beltran were accomplices as a matter of law. The trial court overruled appellant's objection and left the decision to the jury to decide whether Beltran and Galvan were accomplices to the offense of capital murder.

An accomplice witness is an individual who participated with the accused before, during, or after the commission of the crime for which he is on trial. *Brooks v. State,* 686 S.W.2d 952, 957 (Tex.Crim.App.1985). Mere presence of the witness at the scene where

an accused commits an offense is not alone sufficient to constitute that witness as an accomplice as a matter of law. *Kunkle v. State,* 771 S.W.2d 435, 439 (Tex.Crim.App. 1986). Where a claim that a witness is an accomplice witness rests upon the accomplice's involvement in the charged offense other than as a joint participant in the actual acts constituting the offense, the evidence must show affirmative participation by the witness in the offense.[1] *Creel v. State,* 754 S.W.2d 205, 214 (Tex.Crim.App.1988).

■ Additionally, if the witness and the accused were coconspirators in a conspiracy to commit a felony other than the crime with which the accused is charged, the accused committed the charged offense in furtherance of that conspiracy, and the charged offense was one that should have been anticipated by the witness as a result of carrying out the conspiracy, the witness is an accomplice. TEX.PEN.CODE § 7.02(b) (Vernon 1994); 40 G. DIX & R. DAWSON, TEXAS CRIMINAL PRACTICE AND PROCEDURE 249 (Texas Practice 1985).

In the instant case, as to the witness, Beltran, this proposition of law is critical, not only because of the law of parties heretofore explicated, but also because of the nature of the substantive crime of capital murder. Under Sec. 19.03(a)(2), *supra,* a person commits capital murder if he intentionally commits the murder *"in the course of committing or attempting to commit ... burglary."* The question then logically to be posed is whether Beltran was either a principal actor or a party to the capital murder of the victim.

■ The following evidence helps to resolve this question: the five co-actors agreed in advance to burglarize the house in which the victim was encountered; Rodriguez, Galvan and Flores went to the house to effectu-

ate actual entry; appellant and Beltran rode around in the truck awaiting the conclusion of the burglary; Beltran knew in advance that Flores and Rodriguez were armed with handguns; Beltran and the others, along with the victim, loaded the spoils of the burglary into the truck; the five co-actors were in the process of leaving the burglary scene when appellant and Rodriguez verbally sparred over whether Rodriguez had the courage to go back and kill the victim; Rodriguez responded to appellant "Well I'm not a pussy. I'll show you that;" Rodriguez then left the truck and two gun shots were heard; Rodriguez returned to the truck and told Beltran "It is done;" the five co-actors left the scene and divided the stolen property, Beltran getting meat and a purse; and Beltran took the gun used by Rodriguez and hid it in a vent in his (Beltran's) house.

Initially, it is patently clear the appellant, Beltran, Galvan, Rodriguez and Flores were in the process of conspiring to commit and did actually commit a burglary.[2] Thus the only remaining issue is whether Beltran *should have anticipated* that Rodriguez would return to the house and murder the victim. We believe the above explicated facts, coupled with Rodriguez being told by appellant, within the hearing of Beltran, that the victim needed to be killed because he could identify the five co-actors, amply demonstrate that Beltran was a party to the murder of the victim. Since he was a party under Sec. 7.02, *supra,* he was an accomplice as a matter of law and the trial court erred in not so charging the jury. *Brooks, supra; Harris v. State,* 645 S.W.2d 447, 458 (Tex. Crim.App.1983).

As to the witness Galvan, the following facts assist in the resolution of the issue at hand: that it was Flores' idea to burglarize the house in question; Galvan knew that Flores and Rodriguez both had guns; that he

---

1. If the witness is associated with the commission of the crime by the accused in any of the ways described in section 7.02, the witness is criminally responsible for the conduct constituting the crime committed by the accused, and thus is party and accomplice witness. If the evidence shows that the witness solicited, encouraged, directed, aided or attempted to aid the accused in the accused's commission of the offense and the witness acted with intent to promote or assist the commission of the offense, the witness is responsible for the accused's conduct and is an accomplice witness [as a matter of law]. 40 G. DIX & R. DAWSON, TEXAS CRIMINAL PRACTICE AND PROCEDURE 249 (Texas Practice 1985).

2. Indeed the trial court charged the jury on the lesser included offense of burglary of a habitation and instructed the jury that Beltran and Galvan were accomplices as a matter of law to this same burglary that was used by the state to elevate the offense of murder to capital murder.

(Galvan), Flores and Rodriguez approached the house and encountered the victim outside the house; that Flores put a gun to the victim's head and forced him into the house to retrieve property; that Galvan held Rodriguez's gun for a time; that when the truck containing appellant and Beltran returned, the co-actors, along with the victim, loaded the stolen property into the truck; that the remaining facts testified to by Beltran were essentially the same as those of Galvan. If anything, the part played by Galvan in the commission of this offense more strongly suggests that Galvan was a party to the capital murder and the trial court should have charged the jury as such. *Brooks, supra; Harris, supra.*

■ Further, with regard to Galvan, there is yet another basis for concluding that he was an accomplice as a matter of law. It is evident from the record that Galvan entered into a plea bargain with the State in exchange for his testimony. Galvan testified his quid pro quo for his testimony was to plead guilty to burglary of a habitation of "that house," have his punishment capped at twenty-five years imprisonment, and receive no protest from the State as to probation or deferred adjudication. It is obvious from Galvan's reference to "that house" he was under indictment at the time of appellant's trial for the same burglary that is one of the predicate felonies underlying appellant's capital murder indictment.[3] It has long been the rule that when one is a co-indictee and testifies for the State against an accused, he is an accomplice witness as a matter of law. *East v. State,* 702 S.W.2d 606 (Tex.Crim.App. 1985), *cert. denied,* 474 U.S. 1000, 106 S.Ct. 418, 88 L.Ed.2d 368; *Kerns v. State,* 550 S.W.2d 91 (Tex.Crim.App.1977). Galvan, of course, is not a co-indictee of appellant in the instant capital murder case, but at the time of appellant's trial, Galvan was under indictment for the lesser included offense of burglary of the same habitation that was the scene of the instant capital murder. Appellant claims that, under these circumstances, the case of *Ex Parte Zepeda,* 819 S.W.2d 874 (Tex.Crim.App.1991) applies. We agree.

In *Ex parte Zepeda, supra,* two witnesses Pruneda and Gamboa testified in a murder trial against the defendant Zepeda. Their participation was similar to the participation of Beltran and Galvan in the instant case, though much less active than Beltran and Galvan. It was shown by the prosecution in *Ex parte Zepeda* that Pruneda and Gamboa had been indicted for voluntary manslaughter for the killing of the same victim for whom Zepeda was on trial. As to whether Pruneda and Gamboa were accomplices as a matter of law, the Court of Criminal Appeals held:

> Given the basis for labeling one an accomplice, namely, participation with the defendant before, during or after commission of the crime for which the defendant is on trial, we hold that one who is indicted for a lesser included offense based upon alleged participation in commission of the greater offense is also an accomplice as a matter of law ... Thus, Gamboa and Pruneda were accomplices as a matter of law because they had been indicted for a lesser included offense based upon their alleged participation in the murder and because they testified for the State against applicant.

*Ex Parte Zepeda,* 819 S.W.2d at 876. We find that the holding in *Ex Parte Zepeda* applies to Galvan in the instant case, and for this second reason find that Galvan was an accomplice as a matter of law. We further find that the trial court erred in not charging the jury accordingly.

■ The finding of error in the case does not end our inquiry. Since proper objections were lodged to the failure of the trial court to charge the jury that Beltran and Galvan were accomplices as a matter of law, the question is whether some harm has resulted to the appellant because of the error. *Burns v. State,* 703 S.W.2d 649, 651 (Tex. Crim.App.1985); *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). Harm results if, as the case was submitted to the jury, the jury could conceivably have convicted the appellant on the basis of the accomplices' testimony alone without corroboration.

---

**3.** The same is probably true of Beltran, although the record is not completely clear as to which burglary Beltran plea-bargained. Although the State concedes in its brief that Beltran and Gal-

van received the same plea bargain. Beltran did not testify, as did Galvan that he burglarized "that house," meaning the house where the victim of the murder was killed.

*Burns, supra,* at 652. Stated conversely, could a rational jury have convicted appellant after disregarding the accomplice testimony, and focusing on whether the remaining evidence tended to connect appellant to the capital murder. TEX.CODE CRIM.PROC., art. 38.14 (Vernon 1979). Regardless of which view one takes, it is obvious that the testimony of Beltran and Galvan was essential to the proof by the State of a capital murder case against appellant. It is arguable, perhaps even probable, that the non-accomplice evidence showed that appellant was a party to a burglary of a habitation, given appellant's own written statement, fingerprint evidence and the like. But it is improbable that a capital murder case could have been sustained without the testimony of Beltran and Galvan. We are convinced on our evaluation of the other evidence presented to the jury that rational jurors would have found the State's case significantly less persuasive had they been told that the accomplices' testimony could not be accepted without corroboration. *See Saunders v. State,* 817 S.W.2d 688, 693 (Tex.Crim.App.1991). We conclude that appellant has suffered "some harm." *Burns, supra; Almanza, supra.*

The judgment of the trial court is reversed and the cause is remanded for further proceedings.