ACCEPTED
1-14-01005-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/8/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

**01-14-01005-CR**

**IN THE COURT OF APPEALS FOR**

**THE FIRST JUDICIAL DISTRICT OF TEXAS**

**HOUSTON**

**HAROLD JOSEPH NORWOOD, JR.,**

**Appellant**

**Vs.**

**THE STATE OF TEXAS,**

**Appellee**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/7/2015 00:28:58 PM
CHRISTOPHER A. PRINE
Clerk

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/8/2015 11:34:00 AM
CHRISTOPHER A. PRINE
Clerk

**APPEALING THE TRIAL COURT'S JUDGMENT
ON VERDICT OF GUILY IN
CAUSE NO. 13-CR-1311
IN THE 405TH JUDICIAL DISTRICT COURT
OF GALVESTON COUNTY, TEXAS**

**APPELLANT'S BRIEF**

**ZACHARY MALONEY
SBN 24030761
MALONEY & PARKS, L.L.P.
2925 GULF FREEWAY S. STE. B #295
LEAGUE CITY, TEXAS 77573
(713) 228-2277 Ofc.
(866) 838-5656 Fax.
ZACHMALONEY@GMAIL.COM**

**ORAL ARGUMENT IS REQUESTED**     **ATTORNEY FOR APPELLANT**

# IDENTITY OF PARTIES AND COUNSEL

Attorneys for the State at trial
Mr. Matthew Shawhan
SBOT NO. 24061342
Mr. William Reed
SBOT NO. 00794516
600 59th Street, St. 1001
Galveston, Texas 77552
Phone: (409) 766-2355


Attorney for Appellant on Appeal
Zachary S. Maloney
SBN 24030761
MALONEY & PARKS, L.L.P.
2925 GULF FREEWAY S. STE. B #295
LEAGUE CITY, TEXAS 77573
(713) 228-2277 Ofc.
(866) 838-5656 Fax.
ZACHMALONEY@GMAIL.COM

# TABLE OF CONTENTS

Identity of Parties and Counsel ..................................................... i

Index of Authorities ..................................................................... iii

Statement of the Case ................................................................. vi

Statement of Facts ..................................................................... vii

Summary of the Arguments .......................................................... 1

Points, Arguments and Authorities ........................................ 2 & 13

Prayer ...................................................................................... 14

Certificate of Service .................................................................. 15

# INDEX OF AUTHORITIES

**Cases**

*Almanza,* 686 S.W.2d 157 (Tex.Crim.App.1985) 8,9

*Blake v. State,* 971 S.W.2d 451 (Tex.Crim.App.1998) 2,4,5,12

*Cain v. State,* 958 S.W.2d 404 (Tex.Crim.App.1997) 13,14

*Casanova v. State,* 383 S.W.3d 530 (Tex.Crim.App.2012) 8

*Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996) 13, 14

*Cocke v. State,* 201 S.W.3d 744 (Tex.Crim.App.2006) 3, 5

*De La Rosa v. State,* 919 S.W.2d 791 (Tex.App.–San Antonio 1996, pet. ref'd) 6,7

*Delgado v. State,* 235 S.W.3d 244 (Tex.Crim.App.2007) 9, 11

*Druery v. State,* 225 S.W.3d 491 (Tex.Crim.App.2007) 2, 3

*Freeman v. State,* 352 S.W.3d 77 (Tex.App.–Houston [14th Dist.] 2011, pet. ref'd) 11

*Granger v. State,* 3 S.W.3d 36 (Tex.Crim.App.1999) 11

*Herron v. State,* 86 S.W.3d 621 (Tex.Crim.App.2002) 8

*Hitt v. State,* 53 S.W.3d 697 (Tex.App.-Austin 2001, pet. ref'd) 13

*Howard v. State,* 972 S.W.2d 121 (Tex.App.–Austin 1998, no pet.) 11

*Huizar v. State,* 12 S.W.3d 479 (Tex.Crim.App.2000) 11

*Jones v. State,* 944 S.W.2d 642 (Tex.Crim.App.1996) 13

*Medina v. State,* 7 S.W.3d 633 (Tex.Crim.App.1999) 4, 8

*Mendoza v. State,* 88 S.W.3d 236 (Tex.Crim.App.2002)    9

Moore v. State, 640 S.W.2d 300 (Tex.Crim.App. 1982)    14

*Morgan v. State,*  346 S.W.2d 116 (Tex. Crim.App.1961)    4

*Oursbourn v. State,* 259 S.W.3d 159 (Tex.Crim.App.2008)    9, 10, 11

*Paredes v. State,* 129 S.W.3d 530 (Tex.Crim.App.2004)    5, 7

*Posey v. State,* 966 S.W.2d 57(Tex.Crim.App.1998)    9, 11

*Riggs v. State,* 744 S.W.2d 140 (Tex.App.–Houston [1st Dist.] 1986)    6

Riggs v. State , 745 S.W.2d 1 (Tex.Crim.App.1988).    6

*Santellan v. State,* 939 S.W.2d 155 (Tex.Crim.App.1997)    13

*Sells v. State,* 121 S.W.3d 748 (Tex.Crim.App.2003)    13

*Smith v. State,* 721 S.W.2d 844 (Tex.Crim.App.1986)    4

*Tolbert v. State,* 306 S.W.3d 776 (Tex.Crim.App.2010)    11

*Wesbrook v. State,* 29 S.W.3d 103 (Tex.Crim.App.2000)    13

*Williams v. State,* 47 S.W.3d 626 (Tex.App.–Waco 2001, pet ref'd)    6

*Zamora v. State 411 SW3d 504 (Tex.Crim.App. 2013)*    2, 7, 8

**Statutes**

Tex.Code Crim. Proc. art. 36.14    9, 10

Tex.Code Crim. Proc. art. 38.14    2, 7

Tex. Penal Code § 7.02(a)(2)    4, 7

Tex. Penal Code § 7.02(b)    5, 7, 8

[Tex. Penal Code](#) §§ 7.01   6

**Authorities**

George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice

and Procedure § 51:75 (3d ed.2012)   7

CITATIONS TO THE RECORD

Reporter's Record: volume, page no.

  (Rr #p #)

Clerk's Record: volume, page no.

  (Cr # p #)

## STATEMENT OF THE CASE

The record begins on November 10th, 2014 with the arraignment of Joseph Norwood, Jr., hereinafter referred to as Appellant, which took place after the seating of the jury. Appellant, plead "not guilty" to Murder.

Trial testimony began November 12th and ended November 18th, 2014. The Defense presented and rested its case on November 18th. The jury returned a verdict finding the Appellant, "Guilty" of the Murder as stated in the indictment on November 18th, 2014.

Punishment began and ended November 19th, 2014 with both sides presenting punishment and character witnesses. On November 20th, 2014, the jury found both enhancement paragraphs "true" and sentenced the Appellant eighty years confinement in the Texas Department of Corrections – Institutional Division. Appellant presents his direct appeal.

**STATEMENT OF FACTS**.

In the early hours between January 25th and 26th of 2013, Galveston Patrol Ofc. Ticas made the grisly discovery of Juan Navarro (hereinafter Decedent) mortally injured laying in the parking lot of his own business, Navarro Bakery.(rr 3 p. 95) Lead Detective Sollenberger would eventually discover that the Decedent was assaulted, knocked to the ground and run over by his own "Lexus" vehicle. Bakery video surveillance did not film the outside parking lot but an inside camera showed the blinking of the Lexus taillight through a window. Det. Sollenberger established a timeline using videos from: a convenience store caddy corner to the bakery, the Mercado Taco Shop across the street, the travel video of a Galveston patrol unit passing the bakery and a Kroger grocery store. The Kroger and convenience store videos allegedly showed the Appellant Joseph Norwood. (rr. 6 pg. 49)

The "Lexus" was discovered three blocks away from the bakery and on the same street of the residency of the State's "star" witness Richard Lacey. RR 3 p. 176. Richard Lacey was called and interviewed by Detectives twice. Lacey testified of Appellant picking him up in the Lexus, (rr. 4 p 107 & 108), driving to Kroger with him to cash coins, and acting strangely. Appellant allegedly stated if Lacey drove Lacey would, "….be looking at a penitentiary sentence". (rr. 6 p.

122).  Despite blood being found on Lacey's shoes and finger, (rr. 6 p. 122-130), and video evidence supporting Lacey's contact with the Appellant within minutes of the murder of the Decedent, Lacey's involvement or implication of him as an accomplice to the Decedent's murder was given token review by police.

Appellant contends that Lacey's testimony, the detectives' timeline and the video surveillance, though shows Appellant's possession of the Lexus, does not show Appellant committing the murder.

# SUMMARY OF THE ARGUMENTS

<u>Point of Error One (1)</u>:  ***Testimony from and about Richard Lacey's knowledge and physical involvement of the instant case is sufficient to trigger the trial court to Sua Sponte include an accomplice-witness instruction to the Jury charge.***

<u>Point of Error Two (2)</u>:  ***Appellant contends that the evidence is factually insufficient to prove murder.***

<u>**APPELLANT'S POINT OF ERROR ONE**</u>

*Testimony from and about Richard Lacey's knowledge and physical involvement of the instant case is sufficient to trigger the trial court to Sua Sponte include an accomplice-witness instruction to the Jury charge.*

**Argument**

Appellant relies upon *Zamora v. State 411 SW3d 504 (Tex.Crim.App. 2013).* There, the Court held that the definition of an accomplice is broad enough to encompass one who is liable as a co-conspirator party to an offense.

In the Appellant's case: the physical evidence of; blood on Lacey's shoe, blood on Lacey's finger, recovery of the vehicle on Lacey's street, as well as Lacey's appearance in the Kroger video establishes Lacey as a party conspirator.

"[A] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed[.]" Tex.Code Crim. Proc. art. 38.14; *see Druery v. State,* 225 S.W.3d 491, 498 (Tex.Crim.App.2007) *Zamora at* 510 and *Blake v. State,* 971 S.W.2d 451, 454 (Tex.Crim.App.1998). Because the rule requires corroboration of accomplice-witness testimony before a conviction can stand, the jury must be instructed accordingly, but the particular instruction that must be given depends on the circumstances of each case.

**Types of Accomplice–Witness Instructions**

A proper accomplice-witness instruction informs the jury either that a witness is an accomplice as a matter of law or that he is an accomplice as a matter of fact. *Cocke v. State,* 201 S.W.3d 744, 747 (Tex.Crim.App.2006). The evidence in each case will dictate the type of accomplice-witness instruction that needs to be given, if any. *Id.*

A witness is an accomplice as a matter of law when the witness has been charged with the same offense as the defendant or a lesser-included offense, or "when the evidence clearly shows that the witness could have been so charged." *Cocke,* 201 S.W.3d at 747–48; *Druery,* 225 S.W.3d at 499. For accomplice witnesses as a matter of law, the trial court affirmatively instructs the jury that the witness is an accomplice and that his testimony must be corroborated. *See Druery,* 225 S.W.3d at 498–99.

In contrast, when the evidence presented by the parties as to the witness's complicity is conflicting or inconclusive, then the accomplice-witness instruction asks the jury to (1) decide whether the witness is an accomplice as a matter of fact, and (2) apply the corroboration requirement, but only if it has first determined that the witness is an accomplice. *Id.*

Regardless of whether it identifies an accomplice as a matter of law or as a matter of fact, the jury instructions must also explain the definition of an accomplice. The accomplice-witness statute does not define the term, the Texas

Court of Criminal Appeals describes an accomplice as someone who, under the evidence, could have been charged with the same or lesser-included offense as that with which the defendant was charged. *Medina v. State,* 7 S.W.3d 633, 641 (Tex.Crim.App.1999) (noting that defendant is "entitled to an accomplice-witness instruction if and only if 'there is sufficient evidence in the record to support a charge against the witness alleged to be an accomplice' ") (citing *Smith v. State,* 721 S.W.2d 844, 851 (Tex.Crim.App.1986)); *Blake,* 971 S.W.2d at 454–55 (noting that Court has "repeatedly stated" that person is an accomplice "if he or she could be prosecuted for the same offense as the defendant, or a lesser included offense"); *Morgan v. State,* 171 Tex.Crim. 187, 346 S.W.2d 116, 118 (App.1961) (describing test for determining whether witness should be deemed an accomplice as "whether or not there is sufficient evidence in the record to support a charge against" him).

In applying this broad definition, appellate courts have frequently tailored the definition of an accomplice to the facts of particular cases, most of which involve accomplice witnesses who are or may be direct parties to the offense. *See* Tex. Penal Code § 7.02(a)(2) (describing law of parties for direct participant in offense). Implicitly referring to a direct-party theory for accomplices, the Texas Criminal Court of Appeals describes an accomplice as an individual who "participates with a defendant before, during, or after the commission of the

crime," "acts with the requisite culpable mental state," and performs an "affirmative act that promotes the commission of the offense with which the defendant is charged." *Cocke,* 201 S.W.3d at 748; *see also Blake,* 971 S.W.2d at 454 (describing Zamora at 511 accomplice as "a blameworthy participant").

In contrast, there is only one occasion to specifically discuss an accomplice as someone who is or may be a party to the offense as a co-conspirator. *See* Tex. Penal Code § 7.02(b) (describing law of parties for co-conspirators).

In *Paredes v. State,* the trial court's instructions included an instruction on the law of conspiracy under Penal Code § 7.02(b). "Appellant argues that [certain named individuals] were accomplices under the meaning of Section 7.02(b) and therefore, he was entitled to the charge on accomplice witnesses. Appellant does not explain how this section would apply to [the named individuals]. To be applicable, there would still need to be evidence that [the named individuals] were conspirators in carrying out one felony when another felony was committed. There is no evidence that the three conspired or attempted to carry out the murders." *Paredes v. State,* 129 S.W.3d 530, 538–39 (Tex.Crim.App.2004).

In *Paredes,* it was determined that the evidence should be examined under a party-conspirator theory, but it did not fully explain why that theory applied. *Zamora,* explains that the conspiracy theory of party liability applies in the accomplice-witness context because:

(1) an accomplice is a person who may be charged with the same or lesser-included offense as that with which the defendant is charged, and

(2) a person may be charged with an offense as a principal, a direct party, or as a co-conspirator. *See* Tex. Penal Code §§ 7.01 (person is "criminally responsible" for his own conduct or for "conduct of another for which he is criminally responsible"); 7.02(a)(2) (describing criminal responsibility for direct party); 7.02(b) (describing criminal responsibility for party as co-conspirator).

Several courts of appeals have adopted the view that testimony from a co-conspirator triggers the requirement for an accomplice-witness instruction. *See* *Williams v. State,* 47 S.W.3d 626, 630 (Tex.App.–Waco 2001, pet ref'd) (holding that accomplice-witness instruction required because witness could have been indicted for charged offense as co-conspirator); *De La Rosa v. State,* 919 S.W.2d 791, 794 (Tex.App.–San Antonio 1996, pet. ref'd) (same); *Riggs v. State,* 744 S.W.2d 140, 142 (Tex.App.–Houston [1st Dist.] 1986) (same), *pet. dism'd, improvidently granted,* 745 S.W.2d 1 (Tex.Crim.App.1988).

In *De La Rosa v. State,* the court of appeals explained that co-conspirator parties to an offense are accomplices for purposes of administering the accomplice-witness rule:

[I]f the witness and the accused were co-conspirators in a conspiracy to commit a felony other than the crime with which the accused is charged, the accused

6

committed the charged offense in furtherance of that conspiracy, and the charged offense was one that should have been anticipated by the witness as a result of carrying out the conspiracy, the witness is an accomplice. *De La Rosa,* 919 S.W.2d at 794.

The Zamora ruling quotes Professors Dix and Schmolesky's view of the interaction between the accomplice-witness rule and the law of parties:

[I]f the witness is associated with the commission of the crime by the accused in any of the ways described in section 7.02, the witness is criminally responsible for the conduct ... and thus is a party and an accomplice witness. If, for  (Zamora at 512) example, the evidence shows that the witness "solicit[ed], encourage[d], direct[ed], aid[ed], or attempt[ed] to aid" the accused ... and the witness acted "with intent to promote or assist the commission of the offense," the witness is responsible for the accused's conduct and is an accomplice witness. *The same is the case if the witness and the accused were co-conspirators in a conspiracy to commit a felony other than the crime with which the accused is charged,* the accused committed the charged offense in furtherance of that conspiracy, and the charged offense was one that should have been anticipated by the witness as a result of carrying out the conspiracy.

*See* 43A George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 51:75 (3d ed.2012).

Having already applied the party-conspirator theory as a basis to decide whether an accomplice-witness instruction was required in *Paredes,* The Texas Criminal Court of Appeals agrees with those courts of appeals that have held that an accomplice-witness instruction is required when the evidence raises the question of whether a witness is an accomplice under a party-conspirator theory. *See* Tex.Code Crim. Proc. art. 38.14; Tex. Penal Code § 7.02(b); *Paredes,* 129 S.W.3d at 538–39.

## B. Application of *Almanza* to Accomplice–Witness Instructions

*Almanza* applies to accomplice-witness instructions, both as a matter of law and as a matter of fact, based on evidence that the witness was a direct party to the offense. *Casanova v. State,* 383 S.W.3d 530, 533 (Tex.Crim.App.2012) (matter of law); *Herron v. State,* 86 S.W.3d 621, 631–32 (Tex.Crim.App.2002) (matter of law); *Medina,* 7 S.W.3d at 642 (matter of fact).

The narrow question is whether the rule of *Almanza* should be different or inapplicable when it is alleged that a witness is an accomplice as a party to a conspiracy, as compared to a direct party. *Almanza* concludes that all complaints about the trial court's failure to include an accomplice witness instruction must be analyzed under its procedural framework. Zamora at 513 and 514.

## 1. *Almanza,* Generally

8

Under *Almanza,* a trial court must submit a charge setting forth the law " 'applicable to the case,' " which imposes a duty on trial courts to *sua sponte* instruct the jury on these matters. *Posey v. State,* 966 S.W.2d 57, 62 (Tex.Crim.App.1998); *Almanza,* 686 S.W.2d at 160–74. The framework in *Almanza* "is not a court-made rule; it is based on this Court's interpretation of [the Texas Code of Criminal Procedure]," and its statutory predecessors. *Posey,* 966 S.W.2d at 60; *see* Tex.Code Crim. Proc. art. 36.14 ("[J]udge shall ... deliver to the jury ... a written charge distinctly setting forth the law applicable to the case"). *Almanza* applies when "a rule or statute *requires* an instruction under the particular circumstances," and includes errors of commission and omission. *Oursbourn v. State,* 259 S.W.3d 159, 180 (Tex.Crim.App.2008) (emphasis in original). *Almanza,* however, does not apply to defensive issues, which may be forfeited if not preserved at trial. *See Posey,* 966 S.W.2d at 60–61; *Mendoza v. State,* 88 S.W.3d 236, 239 (Tex.Crim.App.2002). Defensive issues are those "on which instructions are not mandated by any statute." *Oursbourn,* 259 S.W.3d at 179. They involve strategic decisions and tactics generally left to the lawyer and the client. *Posey,* 966 S.W.2d at 63; *Delgado v. State,* 235 S.W.3d 244, 249 (Tex.Crim.App.2007).

**2. Accomplice–Witness Instruction is Law Applicable to the Case**

An examination of the plain language in the accomplice-witness statute reveals that it is, in all its variations, the law applicable to the case rather than a defensive issue. The accomplice-witness statute states,

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

Tex.Code Crim. Proc. art. 38.14.

The statute's plain meaning disallows any conviction based upon uncorroborated testimony of an accomplice. *Oursbourn,* 259 S.W.3d at 180. The statute is not worded conditionally upon a defendant's proper objection or request for an instruction. *See* Tex.Code Crim. Proc. art. 38.14. The statute sets out an "implicit 'If-then' proposition: If the evidence raises an issue of [the witness's status as an accomplice], then the trial court shall instruct the jury [regarding the corroboration requirement]." *Oursbourn,* 259 S.W.3d at 180 (generally discussing group of statutes, including accomplice-witness statute, that "require an instruction under the particular circumstances" and, therefore, constitute "law applicable to the case"). In light of the plain language that a conviction cannot be had on the testimony of an accomplice unless it is corroborated, an instruction on the accomplice-witness rule is like those instructions that this Court has held to be the

10

law applicable to the case. *Compare Huizar v. State,* 12 S.W.3d 479, 484 (Tex.Crim.App.2000) (holding that trial court has *sua sponte* duty to instruct based on statutory provision requiring proof of extraneous-offense evidence "beyond a reasonable doubt"); *Oursbourn,* 259 S.W.3d at 180–81 (holding that trial court has *sua sponte* duty to instruct based on statutory requirements governing admissibility of defendant's out-of-court statements).

The accomplice-witness rule cannot be reasonably categorized as a defensive issue that a defense attorney might forego as a matter of strategy. Zamora at 514. *Compare Posey,* 966 S.W.2d at 61–62 (mistake-of-fact instruction matter of strategy); *Granger v. State,* 3 S.W.3d 36, 38 (Tex.Crim.App.1999) (same); *Tolbert v. State,* 306 S.W.3d 776, 781 (Tex.Crim.App.2010) (lesser-included-offense instruction is matter of strategy to pursue outright acquittal); *Delgado,* 235 S.W.3d at 250 (limiting instruction is matter of strategy to minimize jury's recollection of unfavorable evidence). Those courts observed that it is difficult to envision that any competent attorney would reasonably forego an accomplice-witness jury instruction as a matter of strategy based on his theory of the case. *See Freeman v. State,* 352 S.W.3d 77, 82 (Tex.App.–Houston [14th Dist.] 2011, pet. ref'd); *Howard v. State,* 972 S.W.2d 121, 126 (Tex.App.–Austin 1998, no pet.). This is especially true in light of the legislative determination to disallow a conviction on the uncorroborated testimony of an accomplice based on

11

concern that such witnesses may have incentives to lie or shift blame, and this concern is equally applicable whether the witness is alleged to be a direct party or a party to the offense as a co-conspirator. *See Blake,* 971 S.W.2d at 454 (observing that rule reflects legislative determination to view accomplice testimony with caution because accomplices often have incentives to lie to avoid punishment or shift blame).

## CONCLUSION

Appellant in the instant case argues that the record is rife in the testimony of Det. Sollenger and Richard Lacey that the Trial Court had more than adequate evidence to sua sponte include an accomplice-witness instruction for the Jury to ponder the credibility and reliability of Richard Lacey.

## APPELLANT'S POINT OF ERROR TWO

***Appellant contends that the evidence is factually insufficient to prove murder.***

### Argument

A factual sufficiency review begins with a presumption that the evidence is legally sufficient to sustain the conviction. *Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996). However, in a factual sufficiency analysis, all the evidence is viewed without the prism of "in the light most favorable to the prosecution as in a legal sufficiency challenge." *Id.* at 129; *Hitt v. State,* 53 S.W.3d 697, 709 (Tex.App.-Austin 2001, pet. ref'd). A reviewing court must consider all the evidence in a neutral light, impartially comparing evidence that tends to prove the existence of a disputed fact or facts with evidence that tends to disprove that fact or facts. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997); *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Deference is given to the jury verdict, as well as the determination involving the credibility and demeanor of the witnesses. *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

A reviewing court must avoid substituting its own judgment for that of a fact finder. *Sells v. State,* 121 S.W.3d 748, 758 (Tex.Crim.App.2003); *Wesbrook v. State,* 29 S.W.3d 103, 112 (Tex.Crim.App.2000). Early on, it was felt that a jury verdict is to be set aside "only if it is so contrary to the overwhelming weight of

the evidence as to be clearly wrong and unjust." *Cain,* 958 S.W.2d at 410; *Clewis,* 922 S.W.2d at 129.

## CONCLUSION

In the instant case Appellant challenges the factual sufficiency of the elements of the offense on appeal. Appellant contends that his driving of the Decedent's vehicle was not sufficient to prove murder or to place him at the scene of the Decedent's death.

Simply put, proof amounting to mere suspicion of the guilt is insufficient to sustain conviction, Moore v. State, 640 S.W.2d 300, 302 (Tex.Crim. App. 1982).

## PRAYER

WHEREFORE, should the Honorable Court of Appeals find error in the record on appeal, Appellant prays the Court reverse and remand this cause for new trial, remand for new trial on punishment or, in the alternative, reverse and render with instruction to enter a judgment of acquittal.

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to TRAP 9.4(i) that the preceding document contains 3,812 words as determined by the word count of the computer program used to prepare this document.

/s/ Zachary S. Maloney
Zachary S. Maloney

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Appellant's Original Brief has

been sent to the Galveston County District Attorney's Office, Appeal Division, on

this the 8th day of June, 2015.

__/S/ Zachary S. Maloney
ZACHARY MALONEY