**William Quincy ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–087–CR.**

Court of Appeals of Texas,
Austin.

Jan. 11, 1984.

Ian Inglis, Austin, for appellant.

Stephen McCleery, Asst. Dist. Atty., Austin, for appellee.

PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PER CURIAM.

A jury found appellant guilty of attempted capital murder and assessed punishment at imprisonment for sixty years. Tex.Pen. Code Ann. §§ 15.01 (Supp.1982) and 19.-03(a)(2) (1974). Our examination of appellant's seven grounds of error reveals no reversible error, and we affirm the judgment of conviction.

On the night of February 18, 1981, appellant, his brother Richard Robinson, and Anthony Burkhalter entered an Austin convenience store with the intent to rob the cashier. Both Robinsons were armed with .38-caliber pistols. During this robbery, Michael Segal, a nineteen-year-old University of Texas student, entered the store. Segal was himself robbed and then taken to the rear of the store where he was shot in the back of the head by Richard Robinson. Appellant does not challenge the sufficiency of the evidence to support his conviction for the attempted capital murder of Segal.[1]

In his first ground of error, appellant contends the trial court erred in overruling his motion to quash the indictment. In this motion, appellant complained the indictment:

> fails to provide sufficient factual information regarding the conduct in which Defendant was alleged to have engaged in that it fails to allege which Defendant allegedly shot Michael Segal or which Defendant allegedly robbed Michael Segal and what specific acts Defendant committed which constituted the offense as alleged. Due to the unspecified, vague and general nature of the allegations against him, Defendant has not been given adequate notice of the facts constituting the alleged offense and he is unable to adequately prepare a defense thereto.

The indictment alleges that:

> William Quincy Robinson, Richard Charles Robinson and Claude Anthony Burkhalter ... did then and there with the specific intent to commit the offense of capital murder, did knowingly and intentionally attempt to cause the death of an individual, Michael Segal, by shooting the said Michael Segal with a firearm, to wit: a handgun, which act amounted to more than mere preparation that tended but failed to effect the commission of the offense intended; and the said William Quincy Robinson, Richard Charles Robinson and Claude Anthony Burkhalter did then and there attempt to cause the death of the said Michael Segal in the course of committing the offense of robbery upon the said Michael Segal....

Appellant argues that where several persons are charged in the same indictment with committing the same criminal act, each defendant is entitled to be informed, in response to a timely motion to quash, of his alleged role in the offense; that is, of the conduct giving rise to his alleged criminal responsibility. While we agree the accused in a criminal case is entitled to fair notice of the charge against him, we hold the trial court did not err in overruling appellant's motion to quash.

■ In the new penal code, the legislature eliminated the distinction between principals and accomplices and the attendant complexities in drafting indictments. Tex.Pen.Code Ann. § 7.01 (1974). Under § 7.01(c), a person who is criminally responsible for an offense committed by another may be charged with the offense without alleging the facts on which this responsibility is based. *Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App.1978); *Wooley v. State,* 629 S.W.2d 867 (Tex.App.1982, pet. ref'd).

---

1. Richard Robinson and Burkhalter were also convicted for this offense in separate trials held prior to the trial of appellant. Burkhalter testified for the State at appellant's trial.

The facts alleged in the instant indictment are sufficient to give fair notice of the criminal conduct allegedly committed by appellant or the person for whose conduct he was criminally responsible. Appellant's motion to quash sought more than fair notice of the charge against him; in requesting an allegation of the "specific acts Defendant committed which constituted the offense as alleged," appellant sought to compel the State to allege the evidence on which it would rely to prove its case. If not essential to fair notice, the State is not required to plead its evidence. *Marrs v. State*, 647 S.W.2d 286 (Tex.Cr. App.1983); *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980). The first ground of error is overruled.

In his second ground of error, appellant contends the charge to the jury was fundamentally defective in that it authorized his conviction on a finding that "with the specific intent to commit the offense of capital murder, [he] did knowingly or intentionally attempt to cause the death of an individual...." Appellant points out that under § 19.03(a)(2), *supra*, a capital murder must be committed intentionally. Thus, argues appellant, the charge authorized his conviction on a finding of a lesser culpable mental state than required by the statute defining the offense.

Appellant's argument fails for two reasons. First, appellant was not charged with capital murder, but with attempted capital murder. The culpable mental state required for criminal attempt is a specific intent to commit an offense. Tex.Pen.Code Ann. § 15.01, *supra;* *McCravy v. State*, 642 S.W.2d 450 (Tex.Cr.App. 1980). The charge in the instant case required the jury to find that appellant acted with the specific intent to commit capital murder in order to convict. By requiring an additional finding that appellant acted intentionally or knowingly, the charge increased the State's burden of proof and did not harm appellant. *See Johnson v. State*, 650 S.W.2d 784 (Tex.Cr.App.1983). Second, in the paragraph immediately preceding the application paragraph, the jury was instructed that it was not to convict appellant unless it found beyond a reasonable doubt that he, or another person for whose conduct he was criminally responsible, specifically intended to kill Michael Segal. *See Inman v. State*, 650 S.W.2d 417 (Tex.Cr. App.1983).

Appellant's third ground of error is premised on his second ground, and argues that because of the alleged defect discussed above the charge only authorized his conviction for attempted murder, a second-degree felony punishable by imprisonment up to twenty years. Appellant thereby concludes the punishment assessed in this case is greater than that allowed by law. Having found the charge to the jury was not defective in the manner alleged by appellant, we overrule the third ground of error.

In his fourth ground of error, appellant complains the State was erroneously permitted to impeach a defense character witness with "have you heard" questions. Such questions are properly used to impeach a witness who has testified to the defendant's good reputation in the community for being peaceful and law-abiding, but may not be used to impeach a witness who merely testifies to the defendant's good character. *Jewell v. State*, 593 S.W.2d 314, 321 (Tex.Cr.App.1978) (opinion on appellant's motion for rehearing); *Ward v. State*, 591 S.W.2d 810, 816 (Tex.Cr.App. 1978) (opinion on State's motion for rehearing).

The witness in question was Anna Richardson, who was called by the defense at the punishment stage of appellant's trial. Richardson testified she had known appellant for five years, and had had frequent contact with him in his home and at church. Richardson further testified as follows:

Q: And have you come into contact with people who have known William Robinson?

A: Yes, I have.

Q: Have you heard these people discuss William outside of his presence?

A: Yes, they said he was a nice young man, mannerable.

Q: Do you know of his general reputation in the community for being peaceful and law-abiding?

A: As far as I know—I have never lived in his community, but as far as I know, every time I see him, he is just a nice young man: "Yes, sir: yes, ma'am; no ma'am."

Q: Have you gone—had occasion to go to his home?

A: Oh, yes, any number of times I have gone—

Q: And what was your impression while you were in his home for him being peaceful and law abiding?

A: All I can say, he is just real nice. He has never shown anything but just being nice.

Q: Is it your opinion that he is a good boy?

A: Yes, I would say so. Most every time I go to his house he's at home listening to music in his room.

■ To a certain extent, Richardson's testimony was nothing more than an expression of her opinion as to appellant's character. Such testimony does not open the door for "have you heard" questioning. *Ward v. State, supra.* However, Richardson also testified she had heard other persons discuss appellant and summarized the contents of these discussions. Richardson was also asked, although she did not directly answer, the specific question whether she knew appellant's general reputation in the community for being peaceful and law-abiding. Under the circumstances, we find the trial court did not err in permitting the State to impeach the witness with "have you heard" questions.

■ We also note this ground of error was not preserved for review. The only objection voiced by appellant to the cross-examination of Richardson by the State was that "nothing has been introduced in regard to this and we don't know if it's true or if it's not true, and it's quite obviously prejudicial to the jury." There was no objection on the ground that appellant's reputation had not been placed in issue. Ground of error four is overruled.

Appellant testified on his own behalf. While he admitted being present at the time of the robbery and shooting, he contended he was forced to take part by his brother Richard. Appellant testified Richard had threatened to kill appellant or their mother if appellant did not cooperate. During cross-examination, appellant denied telling anyone he had committed other robberies or similar crimes.

In rebuttal, the State offered the testimony of Austin police officer Jim Andrist, who testified that following his arrest, appellant orally confessed to a burglary at a liquor store and two robberies at convenience stores. Further proof of the liquor store burglary was adduced through the testimony of the owners of the burglarized premises. Finally, Anthony Burkhalter, one of appellant's accomplices, testified appellant told him he had committed robberies at two other convenience stores. Appellant was not charged with any of these offenses.

In his fifth ground of error, appellant contends his oral statements to Andrist while in custody were inadmissible under Tex.Code Cr.P.Ann. art. 38.22, § 3 (1979). In his sixth ground of error, appellant contends the testimony concerning the extraneous robberies was inadmissible because there was no proof these offenses had in fact been committed.

■ It is undisputed that appellant's oral statements to Andrist while in custody were inadmissible for failure to comply with the procedural requirements of art. 38.22, § 3, as it read in February, 1981, when the statements were made. *Alfaro v. State,* 638 S.W.2d 891 (Tex.Cr.App.1982). However, appellant did not object to the admission of Andrist's testimony on this ground. The only objection voiced at trial was that Andrist's testimony constituted impermissible proof of extraneous offenses. Thus, appellant's fifth ground of

error was not preserved for review and is overruled.

■■■ Appellant's sixth ground of error was also not preserved for review. Appellant did not object to Burkhalter's testimony concerning the two extraneous robberies. Appellant did object to Andrist's testimony, but only on the general ground that there was no basis for the admission of extraneous offenses. This objection was properly overruled because such testimony was admissible to rebut appellant's defense of duress. *Thrush v. State*, 515 S.W.2d 122 (Tex.Cr.App.1974).

■■■ Even if the sixth ground of error had been preserved for review, the contention would be without merit. Appellant's admissions to Andrist and Burkhalter concerning the other robberies were admissible as an exception to the hearsay rule. 1A Ray, Texas Law of Evidence § 1121 (3rd ed. 1980). As such, the jury was authorized to consider the admissions as evidence of the truth of the matters asserted in them and to give this evidence such weight as it deemed appropriate. The sixth ground of error is overruled.

■■■ In his final ground of error, appellant contends he did not receive effective assistance of counsel at trial. As has often been observed, effective counsel does not mean errorless counsel, nor does it mean counsel judged ineffective by hindsight, but counsel reasonably likely to render, and rendering, effective assistance. *Caraway v. State*, 417 S.W.2d 159 (Tex.Cr. App.1967); *McKenna v. Ellis*, 280 F.2d 592 (5th Cir.1960). The adequacy of an attorney's services must be gauged by the totality of the representation, and allegations of ineffective assistance will be sustained only if they are firmly grounded. *Johnson v. State*, 614 S.W.2d 148 (Tex.Cr.App.1981); *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr. App.1976); *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App.1974).

Appellant's brief contains a long list of alleged failures on the part of his attorney at trial. Appellant contends his trial counsel's *voir dire* of the jury panel and cross-examination of the State's witnesses were short and ineffectual; he failed to object to hearsay, leading questions, improper conclusions on the part of witnesses, and to other improper questioning; and he failed to object to improper jury argument by the prosecutor at both stages of the trial.

Based on our examination of the record, we cannot agree with appellant's extremely negative view of his trial counsel's performance. Trial counsel's *voir dire* of the jury panel and cross-examination of the State's witnesses were not ineffectual. Appellant complains, in many instances, of his counsel's failure to object to questions or testimony that were not, in fact, objectionable. And we do not find the arguments of the prosecutor in this case to be objectionable on the grounds appellant now raises, if at all.

This does not mean, however, that appellant's trial counsel committed no errors in his handling of appellant's case. For example, he failed to voice a proper objection to the introduction of the oral statements made by appellant while in custody, as noted in our discussion of ground of error five. But it should be noted that appellant was tried before the announcement of the opinion of the Court of Criminal Appeals in *Alfaro v. State, supra,* clarifying the ambiguous language of art. 38.22, *supra,* as it then read.[2]

■■■ The most glaring error committed by trial counsel was his failure to request a charge pursuant to Tex.Code Cr.P.Ann. art. 38.14 (1979), when it is clear that Anthony Burkhalter was an accomplice witness as a matter of law. While we can conceive of no good excuse for the failure to request such a charge, the record reflects that ample corroboration was provided by the testimony of other witnesses and by appellant's written confession. Indeed, much of Burkhalter's testimony, including his description of appellant's demeanor prior to the of-

---

**2.** Grounds of error four and six were also not preserved by trial objection. However, these grounds of error also fail on their merits, as previously discussed.

fense and involvement in the planning of the offense and the decision to kill all witnesses, was also adduced through the testimony of non-accomplices.

 When the totality of the representation afforded appellant is considered, we find this representation was not ineffective. The evidence of appellant's guilt was overwhelming. In the face of this evidence, appellant's trial counsel vigorously asserted, both through cross-examination of the State's witnesses and the testimony of defense witnesses, appellant's defense of duress. While counsel's representation of appellant was not perfect, we cannot find the allegations of ineffectiveness to be firmly founded.

The judgment of conviction is affirmed.