**Ex parte Juan Roberto Coronado ZEPEDA.**

No. 71272.

Court of Criminal Appeals of Texas, En Banc.

Dec. 4, 1991.

---

Juan Roberto Coronado Zepeda, pro se.

Jose M. Rubio, Jr., Dist. Atty., and Jose Angel Moreno, Asst. Dist. Atty., Laredo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of murder and sentenced to confinement for life. The Court of Appeals affirmed the conviction. *Zepeda v. State*, No. 04–83–00320–CR (Tex.App.—San Antonio, delivered April 18, 1984, no pet.). The judge of the convicting court made findings favorable to applicant's claim that he received ineffective assistance of counsel during his trial for murder because counsel failed to object to the omission of a jury instruction concerning accomplice witness testimony or request such instruction. The court recommended that relief be granted.

Gerardo Pruneda testified that on December 3, 1981, he drove applicant and four other men from Laredo to Zapata so that one of the men, Roberto Espinoza, could pick up some clothes from a relative. As they started out applicant directed them to return to the house where they had been so he could get a rifle he wanted to sell. After applicant obtained the rifle, the group went to Zapata, picked up the clothes, and headed back to Laredo. On the way back, the driver, Pruneda, stopped to pick up a hitchhiker. The hitchhiker, David Solis, climbed into the back of the station wagon where Espinoza and Eddie Saenz were seated. An argument ensued between the three and Pruneda stopped the car at a rest area along the road. Pruneda testified that he got out of the car and walked behind the car where Solis, Espinoza, and Saenz were fighting. Pruneda grabbed Solis and pulled him away from the others in an attempt to break up the fight. Applicant, who had gotten out of the car carrying his rifle, hit Solis in the face with the butt of the rifle. Applicant told Pruneda that if he did not let go of Solis he was going to kill him. Pruneda let him go and applicant shot Solis in the face, killing him. Applicant told the others not to say anything about the murder.

Ruben Gamboa, one of the men who was with the group on December 3, 1981, and present when applicant shot Solis, testified that the driver stopped the car at the rest area because of the argument. Applicant, Espinoza, and Saenz were fighting with Solis. Gamboa was going to the bathroom when he heard a "boom," turned around and saw applicant with a rifle. Gamboa saw that Solis had been shot in the head. Gamboa testified that neither he nor Pruneda had anything to do with the fight.

Evidence showed that Pruneda had been indicted for voluntary manslaughter in connection with the murder. At trial there was mention of Gamboa being released on bond, but no specific evidence showing that he had been indicted. However, in the record included with the writ application is a copy of an indictment charging Gamboa with voluntary manslaughter in this case.

One who participates with the defendant before, during or after commission

of the crime for which the defendant is on trial is an accomplice as a matter of fact. See *Creel v. State*, 754 S.W.2d 205 (Tex.Cr. App.1988). Thus, one who is a party to a murder and could be indicted for that murder is an accomplice. *Crank v. State*, 761 S.W.2d 328 (Tex.Cr.App.1988), cert. denied, 493 U.S. 874, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989). One who is indicted for the same offense with which the defendant is charged is an accomplice as a matter of law. *East v. State*, 702 S.W.2d 606 (Tex. Cr.App.1985), cert. denied, 474 U.S. 1000, 106 S.Ct. 418, 88 L.Ed.2d 368 (1986). Given the basis for labeling one an accomplice, namely, participation with the defendant before, during or after commission of the crime for which the defendant is on trial, we hold that one who is indicted for a lesser included offense based upon alleged participation in commission of the greater offense is also an accomplice as a matter of law.

▮ Gamboa and Pruneda were indicted for the lesser included offense of voluntary manslaughter rather than murder, based upon their alleged participation in the killing of Solis. The only difference in the charges was the alleged presence of sudden passion. Thus, Gamboa and Pruneda were accomplices as a matter of law because they had been indicted for a lesser included offense based upon their alleged participation in the murder and because they testified for the State against applicant. See *East*, supra. *Hendricks v. State*, 508 S.W.2d 633 (Tex.Cr.App.1974).

▮ Applicant alleges that counsel's failure to request an instruction on accomplice witness testimony during the guilt/innocence phase of trial constituted ineffective assistance of counsel under the test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986). Under *Strickland* a defendant must show two components. First, a defendant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at

693. Second, the defendant must show that the deficient performance prejudiced the defense, which means the errors deprived the defendant of a fair trial. This prejudice means that a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. The Supreme Court cautioned that because of the difficulties of viewing counsel's performance in hindsight, a court must indulge a strong presumption that counsel was reasonably effective and strategic choices made after reasonable investigation are almost unchallengeable.

Pruneda and Gamboa were the State's main witnesses, giving direct evidence of the shooting. They were also accomplices as a matter of law. Other evidence offered by the State included testimony identifying Solis and showing that he died as a result of a gunshot wound to the head. An investigator with the Zapata County Sheriff's Office testified that he found cartridges in Pruneda's automobile which matched the rifle identified by Pruneda and Gamboa as the one applicant used to shoot Solis. A State's witness testified that about 4:00–4:30 p.m. on December 3, 1981 (shortly before the murder), applicant offered to sell him a rifle. Applicant was with Espinoza and the others at the time, near the location where the murder occurred.

Aside from the accomplice testimony, none of this other evidence tends to connect applicant to the commission of the murder. It shows that he was near the area where the murder occurred, possessed a rifle (which was connected to the murder only through the accomplice testimony), and was with several other people. Solis was not even with the group at this time.

An instruction concerning the accomplice witness testimony would have informed the jury that it could not convict applicant without corroborating evidence which tended to connect applicant to the commission of the offense, and that evidence merely showing commission of the offense would not be

sufficient. Article 38.14, V.A.C.C.P. Given the state of the evidence, which depended so heavily on the accomplice testimony, and given that Pruneda and Gamboa were accomplices as a matter of law because they had been indicted, counsel should have requested an instruction on accomplice witness testimony. This omission was an error rendering counsel's performance deficient.

We now consider whether this error prejudiced applicant to the extent that there is a reasonable probability that, but for the error, the result of the proceedings would be different. As our previous discussion of the evidence demonstrates, the accomplice testimony was essential to the State's case. Had the jury been informed that it could not convict applicant without corroboration of the testimony from Pruneda and Gamboa, in light of the remaining evidence presented, there is a reasonable probability a rational jury would not have convicted applicant. See and cf. *Saunders v. State,* 817 S.W.2d 688 (Tex.Cr.App.1991) ("egregious harm" shown and defendant denied a fair trial because no charge was given on accomplice testimony and evidence taken as a whole did not have a "strong tendency" to connect defendant to commission of offense). We conclude that counsel's failure to request an instruction on the law of accomplice witness testimony constitutes ineffective assistance of counsel according to the standard set forth in *Strickland.*

The findings made by the judge of the convicting court are supported by the record, as well as his recommendations. Accordingly, relief is granted.

The judgment of the 49th Judicial District Court of Zapata County in cause no. 508 is vacated, and applicant is remanded to the custody of the Sheriff of Zapata County to answer the indictment against him.

A copy of this opinion shall be forwarded to the Texas Department of Criminal Justice, Institutional Division.

IT IS SO ORDERED.