TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00053-CR






John Eldre Howard, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,222, HONORABLE CHARLES LANCE, JUDGE PRESIDING






 Appellant, John Eldre Howard, appeals from a jury conviction of possession of cocaine
with the intent to distribute, a first degree felony. See Tex. Health & Safety Code Ann. § 481.112 (West
1992 & Supp. 1998). The court assessed punishment at twenty years' imprisonment in the Texas
Department of Criminal Justice, Institutional Division. On appeal Howard claims that (1) the evidence was
legally and factually insufficient to support the jury's finding; (2) the district court failed to instruct the jury
on the law as to the testimony of an accomplice witness; and (3) his trial counsel rendered ineffective legal
assistance by failing to request an accomplice-witness instruction in the charge to the jury. We will reverse
the judgment of the district court and remand the cause.


BACKGROUND

 In August of 1996, police were summoned to a mobile home in Rockdale, Texas after
receiving a complaint of "loud noise." Rockdale police officer Tommy Roach responded and knocked on
the door of the mobile home owned by Theresa Morrison. When Morrison opened the door, Roach
noticed the smell of marihuana smoke coming from inside the home. As he followed Morrison inside, he
saw a female run out the back door. About the same time, Roach noticed Larry Mackie and John Howard
enter the living room from one of the bedrooms. Roach left the trailer in an attempt to catch the fleeing
woman, but she was never apprehended or identified. Before going back inside the trailer, John Howard
approached the officer and asked him "what was going on." Roach instructed Howard to return to the
trailer, which he did. A search of the trailer resulted in a seizure of marihuana found in plain view
throughout the home and a crack cocaine "cookie" hidden inside a ceiling light fixture in the same bedroom
that the appellant and Mackie had been seen leaving. Roach also confiscated a "straight-edged razor with
white residue" found in the passenger's side floorboard of one of the cars parked in front of the trailer.

 At trial, three witnesses testified for the State. Officer Roach testified to the facts as we
have outlined them. Charles Mott, a chemist for the Texas Department of Public Safety, testified as an
expert witness and determined that the "cookie" was cocaine and that the other substance taken from the
house was marihuana. Larry Mackie testified that he had driven his car from Houston to Rockdale with
Howard and that he had witnessed Howard hide the cocaine in the light fixture. Prior to Howard's trial,
Mackie pled guilty to charges of aiding and abetting another in the possession of cocaine with intent to
distribute. In return for his testimony on behalf of the State, Mackie received a three-year probated
sentence. Howard was convicted and sentenced to twenty years' imprisonment.


DISCUSSION

Legal Sufficiency of the Evidence

 We first address appellant's claim that the evidence is legally insufficient to support his
conviction because it failed to affirmatively link him to the cocaine. In reviewing legal sufficiency of the
evidence, we must view all the evidence in the light most favorable to the verdict in order to determine
whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 307 (1979). The standard is the same for both direct and circumstantial
evidence. Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). The legal sufficiency of the
evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge
that is authorized by the indictment. See Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997). 
This is done considering all the evidence that was before the jury--whether proper or improper--so that
we can make an assessment from the jury's perspective. See Miles v. State, 918 S.W.2d 511, 512 (Tex.
Crim. App. 1996).

 "A person commits an offense if the person knowingly or intentionally manufactures,
delivers, or possesses with intent to manufacture or deliver a controlled substance . . . ." Tex. Health &
Safety Code Ann. § 481.112. In this case, the jury was charged to convict Howard if it found beyond a
reasonable doubt that he intentionally or knowingly possessed cocaine with an intent to deliver. Appellant's
complaint focuses solely on the purported absence of "affirmative links." To sustain a conviction for
possession, the State must affirmatively link the accused to the contraband. Travis v. State, 638 S.W.2d
502, 503 (Tex. Crim. App. 1982). An affirmative link is established by showing facts and circumstances
that indicate the accused's knowledge and control of the contraband. Id.

 At trial, Larry Mackie (1) testified that he saw Howard remove the crack cocaine from his
pocket and place it in a light fixture in one of the bedrooms. He also stated that Howard had a romantic
relationship with the owner of the mobile home and that he had regular access--and perhaps a key--to
the home. Officer Roach testified that as he entered the mobile home, he saw Howard exit the same
bedroom where the cocaine was later found. Roach also mentioned that Howard claimed to own one of
the cars parked in front of the home. After searching this car, Officer Roach discovered a razor with a
white residue, presumably cocaine, hidden in the floorboard.

 Mackie's testimony is sufficient to establish an affirmative link between Howard and his
possession of cocaine. Though the evidence may support many conflicting inferences, we presume that the
trier of fact resolved any such conflict in favor of the prosecution. Turro v. State, 867 S.W.2d 43 (Tex.
Crim. App. 1993). The jury had to find that Howard knowingly or intentionally possessed the cocaine and
had the intent to distribute. Considering the jury charge that contained the correct elements of the crime
charged, and viewing all the foregoing evidence in the light most favorable to the prosecution, we conclude
that a rational jury could have found Howard guilty. (2) We overrule appellant's first point of error.


Testimony of Accomplice Witness

 We next address appellant's claim that the district court failed to instruct the jury as to the
effect of accomplice-witness testimony. Howard claims that this error was so egregious he was denied a
fair and impartial trial. He requests a reversal, despite the fact he neither objected nor requested the
appropriate instruction. He cites us to Almanza v. State. See 686 S.W.2d 157 (Tex. Crim. App. 1984). 
The State argues that, absent any objection to the charge or a request for the instruction, any error was
waived.

 An accomplice witness is one who has participated with a defendant before, during, or after
the commission of a crime and who thereafter testifies against the defendant concerning that same crime. 
Villareal v. State, 576 S.W.2d 51, 56 (Tex. Crim. App. 1978), cert. denied, 100 S. Ct. 176 (1979);
Tidrow v. State, 916 S.W.2d 623, 631 (Tex. App.--Fort Worth 1996, no pet.). When an individual is
indicted for a lesser included offense based on the same offense as another, he is an accomplice as a matter
of law. Ex parte Zepeda, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991) (witness indicted for lesser
included offense of voluntary manslaughter based on alleged participation in murder and who testified
against defendant was accomplice as a matter of law); see also East v. State, 702 S.W.2d 606, 616 (Tex.
Crim. App. 1985), cert. denied, 106 S. Ct. 418 (1986). Accomplice-witness testimony must be
corroborated by other evidence connecting the defendant with the offense before a conviction is warranted. 
Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). The purpose of this rule is to assure that the jury
does not consider the accomplice witness's testimony unless it finds that the accomplice witness is telling
the truth and that other evidence corroborates the discredited witness's testimony. See McDuff v. State,
943 S.W. 2d 517, 520 (Tex. App.--Austin 1997, pet. ref'd); see also Tran v. State, 870 S.W.2d 654,
658 (Tex. App.--Houston 1994, pet. ref'd). This requires the jury to receive and act upon such testimony
with caution, considering the selfish interests and possibly corrupt motives of the witness. 

 In this case, Larry Mackie pleaded guilty to aiding and abetting another in the possession
of cocaine with intent to distribute. He then testified against Howard at trial, stating that Howard had
placed the cocaine in the light fixture. As the court noted in its charge to the jury, a person is criminally
responsible as a party to an offense if he assists or aids another in the commission of that offense. Because
he was convicted of a lesser included offense based on the same offense for which Howard was indicted,
Mackie was an accomplice witness as a matter of law. See Zepeda, 819 S.W.2d at 875. However, no
instruction was given to advise the jury of the need for corroborating evidence. Appellant neither requested
such an instruction nor objected to its omission as required by articles 36.14 and 36.15. See Tex. Code
Crim. Proc. Ann. arts. 36.14, 36.15 (West 1981 & Supp. 1998).


A.  Error

 We must first determine whether the failure to include an instruction on accomplice- witness
testimony in the jury charge constitutes error. See Posey v. State, No. 427-96, slip op. at 7 (Tex. Crim.
App. March 25, 1998); Almanza v. State, 686 S.W.2d 157, 172 (Tex. Crim. App. 1985) (op. on reh'g). 
Normally a defendant must object to errors in the charge before he may be heard to complain on appeal. 
Id. Nevertheless, the court may concede that an error occurred, even absent any objection, if the error
involves issues "upon which a district court has a duty to instruct without a request or objection from either
party." See Posey, slip op. at 13.

 Article 36.14 mandates that the trial court submit a charge setting forth "the law applicable
to the case." Tex. Code Crim. Proc. Ann. art. 36.14. (3) Article 38.14 states that "[a] conviction cannot be
had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed. And the corroboration is not sufficient if it merely shows the
commission of the offense." Tex. Code Crim. Proc. Ann. art. 38.14. The statute is not worded
conditionally upon a defendant's proper objection or request for an instruction. Its plain meaning disallows
any conviction based upon uncorroborated testimony of an accomplice.

 We acknowledge that the Texas Court of Criminal Appeals recently held in Posey v. State
that defensive issues such as mistake of fact are not laws "applicable to the case" for purposes of article
36.14. Posey, slip op. at 11. Unless the defendant makes a timely objection or request, the court in Posey
said that failure to instruct the jury on a defensive issue is not error. Id.

 An instruction as to the proper effect of accomplice-witness testimony, however, is not a
defensive issue. Unlike defensive issues which are discretionary, the need for corroborating evidence when
basing a conviction on an accomplice's testimony is codified by our legislature. Tex. Code Crim. Proc.
Ann. art. 38.14. Although deciding which defensive issues to request is typically a strategic decision left
to the lawyer and client, it is difficult to think of a situation where any reasonably competent lawyer would
not seek an accomplice-witness instruction for strategic reasons. We find that the statutorily required
instruction regarding accomplice-witness testimony, unlike defensive issues, is "law applicable to the case." 
A failure to instruct the jury that an accomplice's testimony must be corroborated by other evidence tending
to connect the defendant to the crime is error.

 This conclusion is consistent with the Texas Court of Criminal Appeals' holding in
Saunders v. State. See 817 S.W.2d 688, 693 (Tex. Crim. App. 1991) (court's failure to instruct jury of
need to corroborate accomplice testimony in arson prosecution was critical to trial's outcome and
effectively denied defendant fair trial). When presented with facts similar to those before us now, the court
in Saunders decided without discussion that the trial court's failure to instruct the jury as to accomplice-witness testimony was error. Id. The fact that defense counsel failed to object to the omission of an
instruction on that law was only relevant in determining which standard of harm to apply under Almanza. 
See Saunders, 817 S.W.2d at 693. Similarly, we conclude here that the district court's failure to tell the
jury of this requirement was error because the court failed to provide the "law applicable to the case." Tex.
Code Crim. Proc. Ann. art. 36.14.


B.  Egregious Harm

 Determining whether there was error is only the first step of our analysis. Almanza, 686
S.W.2d at 174. Having found error, we must next determine whether the error in these circumstances
caused egregious harm. See Posey, slip op. at 10 n.9 (explaining Almanza, 686 S.W.2d at 172). In
determining the degree of harm resulting from an error in the charge, Texas courts follow the analysis set
out in Almanza, 686 S.W.2d at 172. See also Saunders, 817 S.W.2d at 693. The Almanza standard
provides that


. . . one reason to reverse for error in the charge arises if the error, having been properly
objected to at trial, is harmful and therefore "calculated to injure the rights of the
defendant." An independent basis for reversal arises if the error, even though not timely
objected to, is so egregious and creates such harm that it deprives the accused of a "fair
and impartial trial."



Almanza, 686 S.W.2d at 172 (emphasis added) (citations omitted). Here we must determine whether
Howard was denied a fair trial because of egregious harm resulting from this unobjected to error. In
assessing the degree of harm, the court is to look to: (1) the entire jury charge; (2) the state of the
evidence, including contested issues and the weight of the probative evidence; (3) the arguments of counsel;
and (4) any other relevant information revealed by the record of the trial as a whole. Bailey v. State, 867
S.W.2d 42, 43 (Tex. Crim. App. 1993) (citing Almanza, 686 S.W.2d at 172). Since its holding in
Almanza, the Texas Court of Criminal Appeals has made it clear that the issue of harm is mainly "an
empirical question . . . primarily contingent on the individual peculiarities of each trial, considered as a
whole." Saunders, 817 S.W.2d at 690. Though we recognize the need to independently evaluate each
situation on a case-by-case basis, it is nevertheless useful to review how this analysis has been applied to
factually similar scenarios.

 In Saunders v. State, the court of criminal appeals assessed the degree of harm resulting
from a trial court's failure to instruct the jury that accomplice-witness testimony must be corroborated
before it may be used as a basis for conviction. Id. at 692. In determining whether there was egregious
harm, the court focused on whether the corroborating evidence was so "weak and unconvincing" that the
State's case for conviction would have been clearly and significantly less persuasive had the jury been
properly instructed. Id. In return for having arson charges against himself dismissed, a friend gave
damaging testimony against the defendant, who was then convicted of arson. Though the court found some
evidence independent of the accomplice-witness testimony that could have been construed to implicate the
defendant, the court concluded that such evidence was significantly weak. Evidence of the defendant's
large debt, an increase in insurance coverage prior to the fire, and evidence of a possible kerosene spill led
only to a "weak inference" that the defendant set the fire, absent any other corroborating evidence. Id. at
693. Because rational jurors could certainly have assessed the State's case as "significantly less
persuasive" had they been properly instructed, the court found that the error caused egregious harm. The
need to corroborate the accomplice witness's accusations was critical to the outcome of the trial. Because
of this, omitting the instruction denied the defendant a fair trial. Id.

 The test for determining whether evidence is sufficient to corroborate accomplice testimony
is to first eliminate from consideration the accomplice witness's testimony and then to examine the other
inculpatory evidence to ascertain whether the remaining evidence independently "tends to connect" the
defendant with the offense. McDuff v. State, 939 S.W.2d 607 (Tex. Crim. App. 1997). With these
considerations in mind, we now review the trial record before us to determine whether the failure to include
the accomplice-witness instruction was so egregious as to have denied Howard a fair and impartial trial. 
Other than the testimony of Mackie, the only evidence that could possibly link Howard to possession of
the cocaine is the testimony of Officer Roach who, upon entering the mobile home, saw Howard come out
of the west bedroom into the living room. This observation, along with the uncontroverted fact that the
cocaine was hidden in a frosted ceiling light fixture in that room, is weak evidence from which to find that
Howard controlled or possessed the cocaine. In reviewing convictions for drug possession, Texas
appellate courts have found that a defendant's mere presence is generally insufficient by itself to constitute
adequate corroborating evidence. Navejar v. State, 760 S.W.2d 786, 787 (Tex. App.--Corpus Christi
1988, pet. ref'd) (fact that defendant followed accomplice into parking lot, parked beside him, and
remained there while accomplice delivered heroin to undercover police officer was insufficient to serve as
corroborative evidence); Moreno v. State, 761 S.W.2d 407, 411 (Tex. App.--Houston [14th Dist.]
1988, pet. ref'd) (fact that defendant was passenger in vehicle which accomplice witness drove to motel
where accomplice made transaction while defendant remained in the car was insufficient to independently
tend to connect him to cocaine delivery charged). But see Moreno, 761 S.W.2d at 409-10 (proof that
accused was at or near scene of crime, when coupled with other suspicious circumstances, may tend to
connect accused to crime) (citing Reed v. State, 744 S.W.2d 112, 127 (Tex. Crim. App. 1988)). When
evaluating corroborating evidence, Texas courts have found that other circumstances such as a defendant's
attempted flight or furtive gestures may determine how much significance to attach to the defendant's
presence at the scene. See, e.g., Moreno, 761 S.W.2d at 410, Verret v. State, 648 S.W.2d 712, 714
(Tex. App.--Beaumont 1982, pet. ref'd). No evidence was offered that suggested Howard acted in any
suspicious manner. Unlike the unidentified woman who fled through the back door, Howard did not
attempt to escape. Instead he approached the investigating officer to ask what was going on.

 Proof that Howard was in knowing possession of marihuana is also circumstantial evidence
to establish that he possessed and intended to deliver the cocaine hidden in the light fixture. Though Officer
Roach testified that Howard "claimed" to own the car in which the razor with the white residue was found,
the registration records established that the car belonged to Mackie, not Howard. Because of this, the
evidence other than Mackie's testimony tending to connect appellant to the offense is tenuous. Additional
evidence cannot merely show the commission of the crime; it must tend to connect the defendant to the
commission of the crime. See Tex. Code Crim. Proc. Ann. art. 38.14; see also Reed, 744 S.W.2d at 126.

 Viewing the evidence as a whole and the arguments counsel made to the jury, we must
agree that the State's case against Howard relied substantially on the testimony of Mackie. Other than the
evidence that Officer Roach saw Howard exit the room in which the cocaine was hidden and the
controverted testimony regarding ownership of the car where the razor with "white residue" was found,
there is little evidence tending to link Howard to actual possession or control of the cocaine other than the
testimony of accomplice Larry Mackie. As in Saunders, this evidence leads to only the weakest of
inferences. Because the State's case relied overwhelmingly upon Mackie's testimony, the jury instruction
was critical to the outcome of the case. Rational jurors certainly could have found the State's case
significantly less persuasive had they been properly instructed. Considering that (1) there was extremely
weak independent evidence tending to connect defendant with this crime; (2) the State's argument was
based substantially on Mackie's testimony; and (3) the correct jury charge would have made the State's
case significantly less persuasive, this error was egregious enough to deprive Howard of a fair trial. (4) The
harm here satisfies the Almanza standard. For these reasons, we sustain appellant's second point of error.


Ineffective Assistance of Counsel

 Should we have misinterpreted the court of criminal appeals' holding that Posey applies
only to defensive issues, or erred in concluding that the failure to give the accomplice- witness instruction
is beyond the ruling in Posey, we will address Howard's related complaint that trial counsel's failure to give
this instruction deprived him of effective assistance of counsel. The Posey opinion strengthens our
conclusion that if the failure to instruct under these circumstances is not error invoking the Almanza
standard for egregious harm, then defense attorney's failure to object must certainly amount to ineffective
assistance of counsel. See Posey, slip op. at 13 (Womack, J., concurring) (defense attorney's failure to
object to jury-charge omission would almost always amount to ineffective assistance of counsel); see also
Posey, slip op. at 4, 5 (Mansfield, J., concurring) (while failure to include instruction on defensive issue of
mistake of fact is not trial court's error, failure of defense counsel to request such instruction is ineffective
assistance of counsel).

 In Strickland v. Washington the United States Supreme Court provided the constitutional
standard for determining whether counsel's ineffective assistance was so prejudicial that it denied defendant
a fair trial. Strickland v. Washington, 466 U.S. 668 (1984). It requires the appellant to show that (1)
counsel's performance was deficient by falling below a minimum objective level of reasonableness and (2)
this deficient performance prejudiced the defense and deprived the defendant of a fair trial, i.e., that there
is a reasonable probability the result of the trial would have been different, but for counsel's unprofessional
errors. Id. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id. Texas has adopted this two-prong test. See Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986).

 In some circumstances, the failure to request a jury instruction on accomplice- witness
testimony may constitute ineffective assistance of counsel. See Zepeda, 819 S.W.2d at 876. In Zepeda,
the testimony of two accomplice witnesses was essential to the State's prosecution of the defendant for
murder. No other evidence tended to connect the defendant to the commission of the offense. Id. at 875. 
Because the outcome depended heavily on the accomplice testimony alone, defense counsel's failure to
object to the omission of such an instruction rendered the counsel's performance deficient. Id. The court
in Zepeda referred to its holding in Saunders and determined that the egregious error caused by the failure
to request the instruction prejudiced the defendant's case and deprived him of a fair trial. Id. at 876.

 After evaluating defense counsel's performance in this case, we conclude that Howard, like
Zepeda, was deprived of effective assistance of counsel. It is true that courts should indulge a strong
presumption that counsel was reasonably effective. Strickland, 466 U.S. at 668. Strategic choices made
after reasonable investigation are almost unchallengeable. Zepeda, 819 S.W.2d at 876. Nevertheless, a
single error of omission can constitute impermissibly ineffective assistance. Ex parte Felton, 815 S.W.2d
733, 735 (Tex. Crim. App. 1991). In this case, counsel's failure to object to the charge or to request such
an accomplice-witness instruction cannot be characterized as a sound trial strategy that a reasonable
defense attorney would advocate. Even judging the reasonableness of counsel's conduct in light of the
circumstances at the time fails to mitigate the unreasonable severity of the omission. This failure allowed
the jury to improperly weigh the evidence by allowing it to base its verdict on Mackie's testimony alone,
without regard to the sufficiency of any corroborating evidence.

 The State directs our attention to Robinson v. State in which an attorney's failure to
request a jury instruction on accomplice-witness testimony was not ineffective assistance of counsel. 665
S.W.2d 826 (Tex. App.--Austin 1984, pet. ref'd). The circumstances of that case, however, are unlike
those found here. In Robinson, the court found ample corroboration of the accomplice witness's testimony
provided by testimony of other witnesses and the defendant's own confession. See id. at 832. The
evidence of defendant's guilt was "overwhelming." Id. In the present case, however, other evidence such
as Howard's presence in the room only supported weak inferences; the accomplice's testimony was
essential to the State's prosecution of Howard. Because the outcome depended so heavily on the
accomplice testimony alone, defense counsel's failure to object to the omission of such an instruction
rendered the counsel's performance deficient and prejudicial to the point that it undermines our confidence
in the outcome of the trial. There is a reasonable probability that the result of the proceedings would have
been different, but for this deficiency. For this reason we sustain appellant's third point of error as well.

CONCLUSION



 We hold that the omission of an instruction requiring evidence to corroborate the
accomplice witness's testimony under these facts created egregious harm that deprived appellant of a fair
and impartial trial, and counsel's failure to request such an instruction denied appellant effective assistance
of counsel. We reverse the judgment of the district court and remand the cause for a new trial. (5)



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: June 18, 1998

Publish

1.   In a separate point of error complaining of the jury charge, appellant implies there is little evidence
to corroborate the testimony of accomplice witness Larry Mackie. In such challenges to the sufficiency
of corroborating evidence, we may not consider the accomplice's testimony even when the court fails to
provide an appropriate instruction. See McDuff v. Sate, 939 S.W.2d 607 (Tex. Crim. App. 1997);
Hammonds v. State, 316 S.W.2d 423, 424-25 (Tex. Crim. App. 1958) (court must look at other sources
of evidence in reviewing sufficiency of corroborating evidence; Meador v. State, 941 S.W.2d 156, 158
(Tex. App.--Corpus Christi 1996, pet. ref'd); see also Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997) (hypothetically correct jury charge is considered in determining sufficiency of evidence). Here
appellant complains only of legal insufficiency of the evidence to show "affirmative links." Furthermore,
appellant concedes that Mackie's testimony may be considered in determining the legal sufficiency of the
evidence.
2. Because Howard challenges only the legally sufficiency of the evidence linking him to the contraband,
our review of the evidence is limited to this issue and we do not decide whether there was sufficient
evidence of Howard's intent to distribute.
3.   Article 36.14 provides in part: "Subject to the provisions of Article 36.07 in each felony case and
in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver
to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth
the law applicable to the case . . . ." Tex. Code Crim. Proc. Ann. art. 36.14 (West 1981 & Supp. 1998)
(emphasis added).
4. We hold here only that the independent evidence was so weak as to cause Howard egregious harm;
we do not hold there was no evidence tending to connect defendant to the offense.
5.   Having sustained these two points of error, we need not address any of appellant's other complaints.


quest such
an accomplice-witness instruction cannot be characterized as a sound trial strategy that a reasonable
defense attorney would advocate. Even judging the reasonableness of counsel's conduct in light of the
circumstances at the time fails to mitigate the unreasonable severity of the omission. This failure allowed
the jury to improperly weigh the evidence by allowing it to base its verdict on Mackie's testimony alone,
without regard to the sufficiency of any corroborating evidence.

 The State directs our attention to Robinson v. State in which an attorney's failure to
request a jury instruction on accomplice-witness testimony was not ineffective assistance of counsel. 665
S.W.2d 826 (Tex. App.--Austin 1984, pet. ref'd). The circumstances of that case, however, are unlike
those found here. In Robinson, the court found ample corroboration of the accomplice witness's testimony
provided by testimony of other witnesses and the defendant's own confession. See id. at 832. The
evidence of defendant's guilt was "overwhelming." Id. In the present case, however, other evidence such
as Howard's presence in the room only supported weak inferences; the accomplice's testimony was
essential to the State's prosecution of Howard. Because the outcome depended so heavily on the
accomplice testimony alone, defense counsel's failure to object to the omission of such an instruction
rendered the counsel's performance deficient and prejudicial to the point that it undermines our confidence
in the outcome of the trial. There is a reasonable probability that the result of the proceedings would have
been different, but for this deficiency. For this reason we sustain appellant's third point of error as well.

CONCLUSION



 We hold that the omission of an instruction requiring evidence to corroborate the
accomplice witness's testimon