# NO. 12-12-00077-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CODY LANE DAVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Cody Davis appeals his conviction for the offense of injury to a child. In two issues, Appellant argues that the trial court failed to give a necessary instruction and that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

In 2011, Appellant lived in Smith County with Malesha Johnson and her three children. He was alone with the children regularly in the evening while Johnson worked. In March 2011, one of Johnson's children, a girl, was seriously injured under circumstances that were never fully revealed. The grand jury charged Appellant with causing serious bodily injury and serious mental deficiency, impairment, or injury, by striking her with his hand, by striking her with a "hard object unknown to the grand jury," by striking her with a "blunt object unknown to the grand jury," or by striking her against a "hard object unknown to the grand jury."

The child had a serious injury to her head and less serious cuts and bruises to other parts of her body. She was also very underweight. Some of the injuries were recently inflicted, and some were older. She had what the medical professionals thought were healed cigarette burns to

her body. The injury to her head caused her to be blind. Appellant and Johnson both denied having injured the child. Appellant told the police that no one other than him or Johnson had been around the children for the previous month. Appellant did have a theory as to how the child sustained a head injury. He said that she had fallen from a box onto a toy dinosaur and that the injury could have occurred in that fall.

Appellant and Johnson fled before an arrest warrant could be issued for them. They were located in San Diego, California, and the police were able to arrest them there and return them to Texas. Appellant pleaded not guilty at his trial. Johnson testified at trial but did not admit to injuring the child. Nor did she testify that she was aware of Appellant's injuring the child. Appellant did not request, and the trial court did not give, an accomplice witness instruction. Appellant was convicted as charged, and the jury assessed a punishment of imprisonment for thirty-three years. This appeal followed.

## ACCOMPLICE WITNESS INSTRUCTION

In two issues, Appellant argues that the trial court erred in failing to instruct the jury on Texas law regarding accomplice witness testimony and that his trial counsel was ineffective for failing to request such an instruction.

### Applicable Law–Accomplice Witness Instruction

Under Texas law, "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). Therefore, under Article 38.14, a conviction cannot stand on an accomplice witness's testimony unless the testimony is corroborated by other nonaccomplice evidence that tends to connect the accused to the offense. *Id*.; *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). In order to determine whether the accomplice witness testimony is corroborated, we eliminate all accomplice evidence and determine whether the other inculpatory facts and circumstances in evidence would allow rational jurors to connect the appellant to the offense. *See Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009); *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). Evidence that the offense was committed is insufficient to corroborate an accomplice's testimony. *Smith*, 332

2

S.W.3d at 439. But the nonaccomplice evidence does not have to directly link the appellant to the crime, nor does it alone have to establish his guilt beyond a reasonable doubt; but rather, the nonaccomplice evidence merely has to tend to connect the appellant to the offense. *See McDuff*, 939 S.W.2d at 613.

A defendant is required to present objections to the jury charge or submit requested instructions before the charge is read to the jury. *See* TEX. CODE CRIM. PROC. ANN. arts. 36.14 (West 2007), 36.15 (West 2006). When there is error in the jury charge but the defendant did not object, we review the issue for egregious harm. *See Almanza v. State*, 686 S.W.2d 171 (Tex. Crim. App. 1984).

## Applicable Law–Ineffective Assistance of Counsel

We evaluate claims of ineffective assistance of counsel under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires an appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Counsel's representation is not reviewed for isolated or incidental deviations from professional norms, but on the basis of the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We begin with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An appellant has the burden of proving ineffective assistance of counsel and must overcome the presumption that "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (internal quotations omitted).

Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007) (court presumed trial counsel

3

had reasonable trial strategy where record did not indicate reasons for trial counsel's actions or intentions); *Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance). Generally, a record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State,* 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). And, before being condemned as "unprofessional and incompetent," defense counsel should "ordinarily [be given] an opportunity to explain [his] actions." *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

**Analysis**

Malesha Johnson was an accomplice because she was indicted for the same offense as Appellant. *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991). The court of criminal appeals has held that "the trial court is under a duty to instruct the jury accordingly" if a "prosecution witness is an accomplice as a matter of law." *Herron v. State*, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002). Failure to do so is error. *Id*. However, the court also held that under the egregious harm standard, "the omission of an accomplice witness instruction is generally harmless unless the corroborating (non-accomplice) evidence is so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Id*. at 632.

The nature of Johnson's testimony in this case is different from most accomplices. She did not directly implicate Appellant in the offense. Johnson did relate what Appellant told her about the most serious injury to the child. She told the jury that Appellant told her that he "heard her fall or heard her crying and went into her room and found her laying [sic] on the floor." However, the jury also saw a video recording of an interview where Appellant related the same story. Johnson denied that she committed any act against her child. When asked how she could be guilty of the offense, she stated that she was responsible for the children and she "didn't prevent it from happening." When the prosecutor asked her how each of the many injuries to the child had happened, Johnson said she did not know. This was quite similar to the police questioning of Appellant where he was unable to tell them how the children sustained injuries depicted in photographs taken by the police.

Based on the evidence at Appellant's trial, the basis for Johnson's liability for the injury to the child, if any, was that she acted recklessly and by omission allowed the injury to occur. *See*

4

TEX. PENAL CODE ANN. 22.04 (a), (b) (West Supp. 2012). She was not a co-actor or a co-conspirator as many accomplices are. The only significant testimony by Johnson that contributed to the verdict and was not replicated by the statements made by Appellant was her denial that she herself harmed the child.

In his brief, Appellant argues that Johnson's testimony was the only evidence on certain points. He calls our attention to Johnson's testimony that the child had fallen, that the child appeared not to be significantly injured, that only she and Appellant had been around the child, that Appellant made up stories to explain bruising on the child, and that Appellant told her while they were fleeing the jurisdiction that he did not want to go to jail. She also testified that she had initially believed Appellant's explanations but that her conversations with the police caused her to question them.

With the exception of the statements Appellant made while the two were fleeing from law enforcement, the other statements were corroborated by Appellant's own statements to the police. He told the police about markers and temporary tattoos placed on the child. He told them about the fall and insisted that only he and Johnson were around the children. The statements about his fear of going to jail were not an admission of the offense. Appellant's fright has no bearing on the question of whether the evidence tended to connect Appellant to the crime, and his flight from prosecution expresses the same generalized fear. Similarly, Johnson's conclusion that the police version of events was more persuasive than Appellant's did not tend to connect him to the commission of the offense.

Appellant was not harmed by the lack of an accomplice witness instruction. *See Herron*, 86 S.W.3d at 632. Appellant's own statements corroborate Johnson's testimony, and they tend to connect him to the offense to the extent that they place only him and Johnson in a position to have caused the injury.[1]

Appellant cites *Munoz v. State*, 853 S.W.2d 558 (Tex. Crim. App. 1993), as an example of a case where the nonaccomplice testimony did not connect the defendant to the crime. In that case, the evidence showed that the victim had been shot, but there was no evidence other than the

---

[1] We have not described all of the evidence adduced at trial because Appellant does not contest the sufficiency of the evidence. There was evidence, which Appellant does not challenge on appeal, that the injuries to the child could not have been a result of the fall he described to the police.

accomplice evidence to connect the defendant to the shooting. *Id*. at 563. Similarly, in *Saunders v. State*, 817 S.W.2d 688, 693 (Tex. Crim. App. 1991), the court found egregious harm and reversed for a new trial because it concluded the evidence tending to connect the defendant to be "exceedingly weak." This case is different. Appellant's own statements to the police connect him to the offense and serve to almost perfectly corroborate Johnson's statements. Appellant's statements to the police establish that only he and Johnson were around the children and that the child was injured in a fall. To reach its verdict, the jury disbelieved Appellant's suggestion that the fall caused a serious injury to the child, but Johnson's testimony no more connected him to the offense than did his own statements. The corroborating evidence in this case, Appellant's own statements about being present with the child during the injury, are not unconvincing and do not render the State's case clearly and significantly less persuasive. We overrule Appellant's first issue.

Appellant was entitled to a jury instruction on Texas law regarding accomplice witness testimony. *See Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006); *Herron*, 86 S.W.3d at 631. But it does not necessarily follow that counsel was ineffective for not requesting the instruction. Appellant does a creditable job of collecting cases in which courts have held that counsel's performance was deficient because he did not request an accomplice witness instruction. But those cases are easily distinguishable. In *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009), counsel should have requested the instruction "[b]ecause the State's case for conviction depended heavily on the testimony of [the accomplice.]" In *Robinson v. State*, 665 S.W.2d 826, 831 (Tex. App.–Austin 1984, pet. ref'd), which is cited in *Patterson v. State*, 204 S.W.3d 852, 861 (Tex. App.–Corpus Christi 2006, pet. dism'd), the court could "conceive of no good excuse for the failure to request" an accomplice witness charge.

While we do not disagree with the court in *Robinson* on the issues presented therein, we can conceive of a good reason for counsel in this case not to request such an instruction. Two preliminary observations are necessary, however. First, we are to presume, if possible, that counsel had a reasonable strategy. *See, e.g., Garza*, 213 S.W.3d at 347-48. Second, the accomplice witness corroboration requirement once reflected a judgment that an accomplice was a "discredited witness" whose testimony was untrustworthy and should be "received and viewed and acted on with caution." *See, e.g., Walker v. State*, 615 S.W.2d 728, 731 (Tex. Crim. App.

6

1981).  The current approach is to mechanistically apply the statute but not to draw any conclusion about the nature of accomplice testimony.  In the *Herron* decision, Justice Holcomb wrote the following:

> The instruction does not say that the jury should be skeptical of accomplice witness testimony. Nor does it provide for the jury to give less weight to such testimony than to other evidence. The instruction merely informs the jury that it cannot use the accomplice witness testimony unless there is also some non-accomplice evidence connecting the defendant to the offense. Once it is determined that such non-accomplice evidence exists, the purpose of the instruction is fulfilled, and the instruction plays no further role in the factfinder's decision-making.

*Herron*, 86 S.W.3d at 632.

Appellant's theory of the case, the one counsel presumably built his strategic choices around, was that Johnson caused the injury to the child.  The accomplice witness instruction would not have aided that defense because, as we showed with respect to the first issue, Appellant's statements to the police were essentially a duplicate of Johnson's own statements.[2] Because the corroboration requirement was readily met by Appellant's own statement, and because it would play "no further role in the factfinder's decision-making," there was no reason to request it.  *Id*.

Moreover, the instruction would have actually hurt the defense.  Johnson had told the jury she was guilty of the offense.  The jury would have been told that Johnson was an accomplice as a matter of law and that her testimony must be corroborated.  The corroboration requirement would be easily satisfied.  And counsel could have reasonably concluded that having the court tell the jury that Johnson was Appellant's accomplice would cause a kind of confusion that would not be helpful to the defense.

Even if counsel should have asked for the instruction, Appellant has failed to show that he

---

[2] In this part of his brief, Appellant argues that no other witness would tell of Appellant's story about the dinosaur or his covering up of the injuries with tattoos, that nobody else could tell the jury that he had been alone with the child for period of time prior to the incident, and that no other witness could describe the "fearful and incriminating comments [Appellant] allegedly made after he became aware that he and Ms. Johnson would be arrested."  As we described earlier, Appellant's own statement references the dinosaur incident and tattoos.  One of the other children testified more extensively about the tattoos, and a neighbor testified that Appellant told him about "one of the kids [who] fell on a toy or something."  Appellant's statements about being arrested were not admissions of guilt but simply fearfulness of prosecution.  Not every piece of Johnson's testimony must be replicated elsewhere.  The statutory requirement is that there must be corroborating evidence tending to connect Appellant to the offense.

7

was prejudiced by the lack of an instruction. The evidence corroborates nearly every part of Johnson's testimony. In fact, the attorney for the State told the jury that they thought Johnson was lying and that they only called her as a witness to keep the defense from making an issue of her not being present. Because her testimony was corroborated by evidence that tended to link Appellant to the offense, the instruction would play no role in the factfinder's decision making process, other than a determination that it had been satisfied, and so Appellant did not suffer any prejudice. *See*, *e.g.*, **Patterson**, 204 S.W.3d at 861–62 (court could not conclude that result of trial would have been different with jury instruction because the state had produced ample corroboration evidence). We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

## SAM GRIFFITH
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J, and Hoyle, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 31, 2013**

**NO. 12-12-00077-CR**

**CODY LANE DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0981-11)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

9