NUMBER
13-02-036-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

FERNANDO VALADEZ,                                                          Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

                        On appeal from the
174th District Court   

                                   of Harris County, Texas.

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                              Opinion by Chief
Justice Valdez








Appellant, Fernando Valadez, was charged with causing the death
of Ramon Duenes with a deadly weapon, namely, a firearm.  Valadez was also charged with the felony
offense of engaging in organized crime through the murder of Duenes.  Valadez pled not guilty to both charges.  A jury found Valadez guilty of engaging in
organized crime and he was sentenced to life in prison and a $10,000 fine.  By six points of error, Valadez contends the
trial court erred in: (1) finding the evidence legally and factually sufficient
to support the conviction; (2) finding the evidence legally and factually
sufficient where the testimony of Jose Arenazas was unavailable to corroborate
the testimony of Steve Guerra; and (3) failing to sustain Valadez=s objection to
Arenazas=s testimony
regarding appellant=s participation
in an unrelated homicide.  We affirm. 

I.  FACTS








Valadez was indicted for engaging in organized criminal
activity with the La Raza Unida gang, allegedly leading to the murder of Ramon
Duenes on August 5, 1999.  Steve
Guerra testified for the State.  He
stated that on the night of August 5, Valadez  drove an aqua green Toyota with Jesus
Garcia and picked up Guerra.  The three
drove to a Fiesta store and Valadez and Garcia made a phone call outside of the
car.  Upon returning to the car, Garcia
stated they had to Atake care of@ Ramon
Duenes.  Guerra understood they would
have to kill Duenes.  Guerra testified
that he then called Yosvanis Valle because he was the leader of the gang, La
Raza Unida, of which Valadez, Garcia and Guerra were all members.  Valadez, Garcia, and Guerra then drove to
Duenes=s apartment and
tried to enter.  Valadez carried a .22
pistol, Garcia had a shotgun and Guerra held tape and a knife.  Duenes refused to open the door, so the three
men left.  A few minutes later, Valadez
drove the Toyota back through Duenes=s apartment
complex and found a group of people, including Duenes, standing on the
sidewalk.  Valadez drove the car close to
the group and called for Duenes.  As Duenes
started walking to the car, Valadez and Garcia began shooting him.  Valadez then drove to a motel on Interstate
45, where they met Valle. 

Guerra also testified that on August 21 and 22, 1999, he,
Valadez and Valle met with Jose Arenazas, another member of La Raza Unida, and
attempted to rob a dope dealer.  Before
the attempted robbery, the group drove to Valadez=s house to pick up guns.  The group failed to complete the
robbery.  Guerra further testified about
the rules and rankings of the La Raza Unida gang.  

Another State witness, Arenazas,  testified that he was a member of La
Raza Unida along with Garcia, Guerra and Valadez.  Arenazas had discussed killing Duenes with
Valle, showed Valle the way to Duenes=s apartment,
and was at Valle=s house after
the murder when Valadez informed them that Duenes had been Ataken care of.@  Arenazas discussed another unrelated murder
involving Valadez.  That offense occurred
on August 15, 1999, when Arenazas, Garcia and Valadez shot and killed  Carlos
Escamilla.  








Officer Bonsal, the lead homicide investigator of the Duenes
murder, testified he learned of Duenes=s association
with La Raza Unida from witnesses at the scene after the shooting of
Duenes.  Bonsal learned that the men who
shot Duenes drove an aqua green Toyota. 
Three weeks after the murder, Bonsal found the Toyota and conducted a search.  Bonsal found bullet holes in the side and a
spent shotgun casing.  The officer also
searched Duenes=s apartment and
found letters from prison gang members which contained Valadez=s name.  Furthermore, Valadez had the rules and
regulations of La Raza Unida in his possession when arrested.

The jury instructions stated a person commits an offense if,
with the intent to establish, maintain, or participate in a combination or in
the profits of a combination of as a member of a criminal street gang, he commits or conspires to commit the offense of
murder.  Also, the trial court instructed
the jury that Guerra was an accomplice as a matter of law, but the jury had to
determine whether Arenazas was considered an accomplice to the murder of
Duenes.  The jury found Valadez guilty of
engaging in organized crime in the murder of Duenes. 

II. FAILURE TO CORROBORATE








In his first two points of error, Valadez claims the evidence
was legally and factually insufficient to support a conviction for engaging in
organized criminal activity because the State failed to corroborate the
testimony of Steve Guerra.  The trial
court instructed the jury that Guerra was an accomplice witness as a matter of
law.  Texas law mandates the testimony of
an accomplice witness must be corroborated. 
See Tex. Code Crim. Proc.
Ann. ' 38.14 (Vernon
1979).  Legal and factual sufficiency
standards of review do not apply to evaluating sufficiency of corroboration of
accomplice testimony.  Cathey
v. State, 992 S.W.2d 460, 463 (Tex. Crim. App. 1999).  The test regarding the sufficiency of the
corroboration is to eliminate from consideration the evidence of the accomplice
witness and then to examine the remaining evidence to determine whether incriminating
evidence exists which tends to connect the defendant with the commission of the
offense.  See Reed v. State,
744 S.W.2d 112, 125 (Tex. Crim. App. 1988); Hernandez v. State, 52
S.W.3d 268, 279 (Tex. App.BCorpus Christi
2001, pet. denied).  Each case must be
considered under its own facts and circumstances.  See Reed, 744 S.W.2d at
126.  Insufficient evidence to
corroborate an accomplice witness requires an acquittal.  See Cathey, 992 S.W.2d at 463 n.2. 

A conviction cannot be had upon testimony of an accomplice
unless corroborated by other evidence tending to connect the defendant with the
offense.  See Edwards v. State, 427
S.W.2d 629, 632 (Tex. Crim. App. 1968); Solomon v. State, 49 S.W.3d 356,
361 (Tex. Crim. App. 1999).  In the case
at bar,  the
testimony of Steve Guerra related to the murder of Duenes.   Guerra testified about how he and Jesus
Garcia were involved with Valadez in killing and shooting Duenes. 








We must now view all of the evidence, excluding Guerra=s testimony, to
determine whether other incriminating evidence exists to connect Valadez with
engaging in organized criminal activity. 
See Reed, 744 S.W.2d at 125-26.  To convict Valadez, the State must produce
evidence showing more than a strong suspicion of guilt.  See Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987).  The State sought to corroborate Guerra=s testimony
through the testimony of Jose Arenazas. 
Arenazas testified that Valadez told him that Duenes Ahad been taken
care of@ but did not
give any details of the shooting. 
Arenazas also testified that he and others, including Valadez, were
members of the La Raza Unida gang and that Garcia told Arenazas that Duenes had
to be killed.   Moreover, the record
reflects evidence beyond the testimony of Arenazas which connects Valadez with
the crime and corroborates Guerra=s testimony.








No precise rule can be formulated as to the amount of evidence
required to corroborate the testimony of an accomplice witness.  See Gill v. State, 873
S.W.2d 45, 48 (Tex. Crim. App. 1994). 
However, gang membership or affiliation is sufficient to tend to connect
a defendant with a gang-related crime and corroborate the testimony of an
accomplice witness.  See Vasquez,
67 S.W.3d 229, 239-40 (Tex. Crim. App. 2002); Casias v. State, 36 S.W.3d
897, 901-02 (Tex. App.BAustin 2001, no pet.)(holding
display of gang signs tends to connect a person with a gang-related
murder).  Guerra testified that on the
day Duenes was murdered, Valadez picked him up in a Toyota which belonged to
Valadez=s
girlfriend.  Guerra stated that Valadez
drove the Toyota at the time of Duenes=s murder.  Sergeant Kirk Bonsal testified he searched
the Toyota and found a spent shotgun casing. 
Furthermore, Guerra 
described the car used in the attempted robbery by Valadez and
other gang members.  The police searched
the car and found two shotguns and a .22 caliber handgun.  An expert from the Forensic Firearms Lab testified
that the shotgun casing found in  Valadez=s girlfriend=s vehicle came from the gun found in the
other car.  The evidence presented tends
to connect Valadez with the vehicle and weapons used in the
murder of Duenes and corroborates Guerra=s testimony.  See Reed, 744 S.W.2d
at 126.  We conclude, based on Arenazas=s testimony and
the testimony of the police officers, sufficient evidence exists to associate
Valadez with the murder of Duenes while engaging in organized criminal activity
in connection with La Raza Unida.  Gill,
873 S.W.2d at 58. 
Valadez=s first and
second points of error are overruled.      

III. UNAVAILABILITY OF JOSE ARENAZAS

Valadez=s third and
fourth points of error claim the evidence was legally and factually
insufficient to support a conviction when the testimony of Arenazas was
unavailable to corroborate the testimony of Guerra.  We previously found that legal and factual
sufficiency standards of review do not apply to evaluating the sufficiency of
corroboration of accomplice testimony.  See
Cathey, 992 S.W.2d at 462-63.  Valadez argues Arenazas=s participation
in the Duenes murder classifies him as an accomplice and the State cannot
corroborate accomplice witness testimony with the testimony of other accomplice
witnesses.  See McFarland v. State, 928 S.W.2d 482, 514 (Tex.Crim. App. 1996).  We must first determine whether or not
Arenazas is an accomplice witness.  If
so, we must review all the evidence excluding the testimony of Guerra and
Arenazas to determine whether the evidence tends to connect the defendant with
the offense.  Reed, 744 S.W.2d at 125.  








A witness is an accomplice when the witness acts with intent to
promote or assist in the commission of the offense with which the accused is
charged and solicits, encourages, directs, aids or
attempts to aid the accused in commission of the offense.  See Tex.
Pen. Code. Ann. ' 7.02(b)
(Vernon 1994); see also De La Rosa v. State, 919 S.W.2d 791, 794 (Tex.
App.BSan Antonio
1996, pet. ref=d).  The participation must involve an affirmative
act committed by the witness to promote the commission of that offense.  See Kutzner v. State, 994 S.W.2d 180, 187 (Tex. Crim. App. 1999).  Arenazas testified that he drove Garcia to
Duenes=s apartment a
few days before the murder.  Arenazas
knew of Garcia=s intent to
kill Duenes because of a power struggle within the gang.  Gang membership, even if combined with
presence at the scene of a crime and/or concealment of a crime, is not
necessarily sufficient to support a finding of accomplice status.  See Medina v. State, 7 S.W.3d 633, 641-42 (Tex. Crim. App. 1999).  A witness is not an accomplice witness merely
because he may have known of the offense and did not disclose it or even
concealed it.  Kunkle
v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986).  

Furthermore, Arenazas testified about his participation in
another homicide case involving Valadez and La Raza Unida.  However, complicity with an accused in the
commission of another offense does not make that witness an accomplice in the
offense for which the accused is on trial if there is no showing of the witness=s complicity in
that particular offense.  Id.  There is no evidence that Arenazas made any
affirmative act to promote the commission of the crime either before, during or
after the offense.  Arenazas was not an
accomplice as a matter of law or fact.  See
McFarland, 928 S.W.2d at 514.  Therefore, we find the evidence sufficient to
corroborate the testimony of Guerra. 
Valadez=s third and
fourth points of error are overruled.

 








IV. UNRELATED HOMICIDE OFFENSE

 

In his fifth and sixth points
of error, Valadez complains the trial court erred in overruling the objection
to Arenazas=s testimony about Valadez=s participation in an unrelated homicide offense, namely the
murder of Carlos Escamilla.  Valadez
contends the unrelated homicide offense was irrelevant and the probative value
of the offense was substantially outweighed by the prejudicial effect.  The admission or exclusion of evidence is
within the discretion of the trial court, including the admission of an
extraneous offense.  Tex. R. Evid. 404(b); Hernandez,
52 S.W.3d at 281. 
Even if it would reach a different result, an appellate court may not
reverse a trial court as long as the ruling falls within the zone of reasonable
disagreement.  See Montgomery, 810 S.W.2d at 391.  A
party may introduce evidence if it serves to make more or less probable (1) an
elemental fact, or (2) an evidentiary fact. 
See Hernandez, 52 S.W.3d at 281-82.  In order for an extraneous offense to be
admissible, a two-part test must be met. 
Id. at 282.  First, the transaction must be relevant to a
material issue in the case.  Id.  Second, the relevancy value of the
evidence must outweigh its inflammatory or prejudicial effect.  See Montgomery, 810
S.W2d at 390-91; Hernandez, 52 S.W.3d at 282.  








In the case at bar, the
extraneous evidence in question involved the murder of Carlos Escamilla during
an arranged meeting at a gas station with Valadez and other members of La Raza
Unida.  Evidence of Valadez=s involvement with La Raza Unida was relevant to prove he
committed murder in combination with a criminal street gang.  See Hernandez, 52
S.W.3d at 282.  Therefore,
evidence of extraneous offenses, such as the murder of Escamilla, remain relevant to prove Valadez=s involvement with the gang, an essential element in the
case.  Id.  

We must also examine all of
the evidence to determine whether, in light of the extraneous offense, the
probative value is not substantially outweighed by its prejudicial effect.  See Caddell v. State, 865 S.W.2d 489,
492 (Tex. App.BTyler 1993, no pet.).  An
extraneous offense is relevant if it logically tends to make the existence of
some fact or consequence more or less probable. 
Id.; see also Montgomery, 810 S.W.2d at 390.  Valadez=s participation in other gang-related activities, including
murder, tends to make it more probable that he engaged in organized criminal
activity by murdering Duenes.  The
probative value is not outweighed by the prejudicial effect.  Id.  Therefore, we find the trial court=s ruling falls within the zone of reasonable disagreement and does
not constitute an abuse of discretion.  See Montgomery, 810
S.W.2d at 391.  Valadez=s fifth and sixth points of error are overruled.  

Accordingly, the judgment of the
trial court is affirmed.  

 

 

                                                                                                                       

ROGELIO VALDEZ                                                                                                                                                                Chief
Justice

 

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 10th day of October, 2002.